**REVERSE and REMAND; and Opinion Filed December 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01004-CR

### NICOLAS STEPHEN LLOYD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-81624-2012**

## OPINION

Before Justices Francis, Lang, and Stoddart[1]
Opinion by Justice Francis

Nicolas Stephen Lloyd appeals the trial court's order denying his motion to suppress the results of a warrantless, nonconsensual blood draw. At trial, appellant stipulated to having been convicted twice previously of driving while intoxicated, and the evidence of his blood alcohol concentration was admitted. A jury convicted him of driving while intoxicated third offense, found he used or exhibited a deadly weapon (a motor vehicle), and assessed punishment at eight years in prison and a $2000 fine. In a single issue, appellant claims the trial court erred by denying his motion to suppress because the warrantless, nonconsensual blood draw constituted an unconstitutional search and seizure and violated his Fourth Amendment rights. We agree

---

[1] The Honorable Justice Craig Stoddart succeeded the Honorable Jim Moseley, a member of the original panel. Justice Stoddart has reviewed the briefs and record before the Court.

with appellant. We reverse the trial court's judgment and remand this case for further proceedings.

Around 1:00 a.m. on April 27, 2012, Officer Jon Conduti of the Frisco Police Department responded to a call about a "major vehicle accident" at a residence. When he arrived, he saw appellant's red Mercedes sitting in the yard, where it had crashed into the corner of the house. Conduti spoke with appellant, who had "a strong odor of alcoholic beverage on his breath" and bloodshot eyes. Appellant said something about making a mistake but then declined to talk further. Appellant also refused to perform any standardized field sobriety tests without an attorney present. Conduti arrested appellant for driving while intoxicated and took him to the Frisco jail for a DWI interview. At the jail, appellant refused to give a blood sample. Conduti began completing paperwork for a search warrant for a blood draw; however, when he discovered appellant had been convicted two previous times for driving while intoxicated, he stopped processing the search warrant and took appellant to the hospital for a mandatory blood draw under the authority of section 724.012 of the Texas Transportation Code. Appellant's blood was drawn around 3:00 a.m., and he was charged with felony DWI third offense.

Before trial, appellant filed a motion to suppress, alleging the warrantless, nonconsensual blood draw was a violation of his Fourth Amendment rights. The State conceded the officer had no warrant but argued (1) implied consent and (2) appellant had a reduced expectation of privacy because driving is a highly regulated activity and, under the totality of the circumstances, the search was reasonable. After the hearing, the trial court denied appellant's motion to suppress and admitted the evidence at trial. While this appeal was pending, the court of criminal appeals issued its opinion in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), addressing involuntary blood draws taken under the authority of the Texas Transportation Code.

In a single issue, appellant claims the trial court erred by denying his motion to suppress. He claims that, because he did not consent to the blood draw and the State did not have a warrant to draw his blood, the search was reasonable only if the State could show exigent circumstances. Because the State did not do so, appellant claims the search violated his Fourth Amendment rights, the motion should have been granted, and the blood alcohol concentration evidence should have been suppressed.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). We grant almost total deference to the trial court's determinations of historical facts and mixed questions of law and fact that rely on credibility when supported by the record. *Id*. But when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, we review the trial court's ruling de novo. *Id*.

The Texas Court of Criminal Appeals recently addressed whether a warrantless, nonconsensual testing of a DWI suspect's blood violates the suspect's Fourth Amendment rights. *Villarreal*, 2014 WL 6734178. In that case, a police officer stopped Villarreal for a traffic violation. *Id*. at *1. When Villarreal displayed signs of intoxication, the officer asked him to perform standardized field sobriety tests, but Villarreal refused. *Id*. The officer then arrested Villarreal on suspicion of DWI and gave him written statutory warnings requesting a blood specimen. Again, Villarreal refused. *Id*. After a criminal history check revealed Villarreal had been previously convicted of DWI several times, the officer took Villarreal to a hospital for a mandatory blood draw under section 724.012 of the transportation code. *Id*. at *2.

After he was indicted for felony DWI, Villarreal filed a motion to suppress stating there was no deemed consent to the taking of a blood specimen. *Id*. The trial court conducted an evidentiary hearing; the officer, the sole witness at the hearing, testified he "could have"

obtained a warrant, but believed he "did not statutorily have to" in light of the mandatory-blood-draw provision in the code. *Id.* He said his decision to require the blood draw was based solely on the statutory authorization and not on any emergency at the scene or the existence of exigent circumstances. *Id.* The trial court granted Villarreal's motion to suppress, and the court of appeals affirmed. *Id.* at *1. The State filed a petition for discretionary review, alleging the trial court and the court of appeals erred by concluding the warrantless search of Villarreal's blood violated the Fourth Amendment and that the mandatory blood draw statute does not dispose of the warrant requirement. *Id.*

On petition for discretionary review, the court of criminal appeals noted that, as a general rule, to comply with the Fourth Amendment, a search of a person in a criminal investigation (1) requires a search warrant or a recognized exception to the warrant requirement and (2) must be reasonable under the totality of the circumstances. *Id.* at *8. The Fourth Amendment is implicated in DWI cases because the collection of a suspect's blood invades a substantial privacy interest, and the exigent circumstances exception to the search-warrant requirement is not established merely by the natural dissipation of alcohol. *Id.* The court of criminal appeals then concluded that, because Villarreal did not consent and the warrantless blood draw under section 724.012 did not fall under any of the proffered exceptions to the warrant requirement, the search violated his Fourth Amendment rights. *Id.*

In reaching this conclusion, the court rejected the State's argument that, with respect to a roadside DWI stop, a driver:

> impliedly agrees ahead of time that, in exchange for the privilege of driving on our roads, he is willing to waive the right to a warrant in these limited circumstances. The deal is sealed when he gets behind the wheel, and it can't later be revoked when he gets caught driving in an impaired condition.

*Id.* at *11. The court stated that to constitute a valid waiver of Fourth Amendment rights through consent, a suspect's consent to search must be freely and voluntarily given; an "additional

necessary element of valid consent is the ability to limit or revoke it." *Id.* Implied consent that has been withdrawn or revoked is not a substitute for the voluntary consent required by the Fourth Amendment. *Id.* The record clearly showed Villarreal refused consent. The court concluded an "explicit refusal to submit to blood testing overrides the existence of any implied consent." *Id.*

The court of criminal appeals then considered whether any "other justification for the search applie[d]." Addressing known exceptions to the warrant requirement, including the automobile exception and search incident to arrest, the court concluded the blood draw did not fall under any recognized exception to the warrant requirement. *Id.* at *12−16. The court also rejected the State's argument that the search could be upheld as reasonable under a general Fourth Amendment balancing test. *Id.* at *16−19. In sum, the court concluded "the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement." *Id.* at *20. The court of criminal appeals affirmed the trial court's granting of Villarreal's motion to suppress the blood alcohol concentration evidence. *Id.* at *21.

In our case, appellant refused to perform standardized field sobriety tests and refused to consent to a blood sample. Although Conduti began completing a search warrant affidavit for a blood draw, he abandoned the search warrant upon discovering appellant had been convicted two previous times for DWI. The officer estimated it usually took about one and one-half hours to complete a warrant and get it signed. During that time, they "would have lost some of the evidence of the alcohol in the Defendant's body." Conduti said the only reason he stopped processing the warrant was because he discovered appellant's prior convictions and, under the transportation code, he did not need a warrant. The reasons he thought he could bypass the

warrant process were because (1) the transportation code allowed him to and (2) "the alcohol was dissipating."

On appeal, the State argues appellant gave "implied consent" which was irrevocable "as a person twice previously convicted of driving while intoxicated" and sufficient aggravating factors were present to satisfy the exigent circumstances requirement. With respect to the first argument, the court of criminal appeals already considered and rejected this precise argument. *See Villarreal*, 2014 WL 6734178, at *11 ("To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when some aggravating circumstance is present, that suggestion cannot be squared with the requirement that, to be valid for Fourth Amendment purposes, consent must be freely and voluntarily given based on the totality of the circumstances, and must not have been revoked or withdrawn at the time of the search."). We reject this portion of the State's argument.

Next, the State argues "sufficient aggravating factors," specifically appellant's two prior convictions, his refusal to engage in sobriety tests, and his refusal to consent to a voluntary blood draw, satisfied the exigent circumstances requirement. These factors are not exigent circumstances that provide an exception to the warrant requirement; exigent circumstances are those "exigencies of the situation" that "make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394 (1978). These include, for example, the threat of imminent removal or destruction of evidence, threat to human life, rendering emergency assistance to injured occupants, or hot pursuit of a fleeing suspect. *See Kentucky v. King*, 131 S. Ct. 1849, 1856 (2011). However, as a general rule, the "context of blood testing is different in critical respects from other destruction-of-evidence cases in which police are truly confronted with a 'now or

never' situation." *Missouri v. McNeely*, 133 S. Ct. 1552, 1561 (2013). Such cases should be considered on a case-by-case assessment of exigency, not a categorical rule. *Id.* In fact, in "those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *Id.* The factors the State relies on are simply those factors that invoke the mandatory blood draw statute. *See* TEX. TRANSP. CODE ANN. § 724.012 (West 2011). Because no exigent circumstances existed which would justify a warrantless search, we reject this argument as well.

Appellant did not consent to the draw and the taking of his blood did not fall under another recognized exception to the warrant requirement. We therefore conclude the warrantless, nonconsensual blood draw violated appellant's Fourth Amendment rights. *See McNeely*, 133 S. Ct at 1561−63; *Villarreal*, 2014 WL 6734178, at *20. The trial court abused its discretion by denying appellant's motion. We reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Publish
TEX. R. APP. P. 47
131004F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

NICOLAS STEPHEN LLOYD, Appellant

No. 05-13-01004-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-81624-2012.
Opinion delivered by Justice Francis,
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.


Judgment entered this 22nd day of December, 2014.