

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00560-CR

GENE ALLEN BURKS                                                        APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1302810D

----------

## OPINION

----------

### I. INTRODUCTION

Appellant Gene Allen Burks appeals his conviction for driving while intoxicated (DWI)–felony repetition. *See* Tex. Penal Code Ann. §§ 49.04, .09 (West Supp. 2014). In a single point, he argues that the trial court erred by denying his motion to suppress blood alcohol test results obtained using the mandatory-blood-draw procedure of the Texas Transportation Code and without

his consent or a valid search warrant. *See* Tex. Transp. Code Ann. §§ 724.011(a), 724.012(b), 724.013 (West 2011). Following the court of criminal appeals's recent opinion in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), in which the court held that such a warrantless, nonconsensual draw of a DWI suspect's blood does not categorically fall within any recognized exception to the Fourth Amendment's warrant requirement, nor can it be justified under a general Fourth Amendment balancing test, we will reverse the trial court's suppression order and judgment and remand the case to the trial court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Burks was indicted for felony DWI. He filed a "Motion to Suppress Blood Alcohol Test Results Obtained Without Consent or Valid Search Warrant." Prior to a hearing on Burks's motion, the parties agreed to stipulate to the evidence for purposes of the hearing as follows:

1. On October 31, 2012, around 8:59 p.m., North Richland Hills Police Officer Kevin Croft #767 possessed reasonable suspicion and probable cause to initiate a traffic stop of the Defendant's motor vehicle which was being operated by the Defendant in Tarrant County, Texas in a public place. Officer Croft executed this stop based upon information relayed to North Richland Hills PD dispatch by a credible 911 caller, Philip Hare. Officer Croft also based the stop upon his personal observation of the Defendant's vehicle changing lanes without signaling as required under Section 545.104 of the Texas Transportation Code.

2. On October 31, 2012, Officer Kevin Croft had probable cause to arrest the Defendant for Driving While Intoxicated [DWI] under Chapter 49, Texas Penal Code. The officer reasonably believed that the Defendant committed the offense of DWI based upon: the

2

information gleaned from the 911 caller; the Defendant's physical appearance which was consistent with having imbibed alcohol; the Defendant's admission to drinking alcohol; and the Defendant's poor performance on field sobriety tests. Officer Croft arrested the Defendant, without warrant, at approximately 9:19 p.m.

3. Prior to the Defendant's arrest, the Defendant told Officer Croft he had consumed two beers; after the Defendant's arrest, at approximately 10:35 p.m. and after having been properly Mirandized and agreeing to waive his Miranda rights and answer questions, the Defendant told Officer Croft that he drank four or five beers. The Defendant exclaimed to Officer Croft that he had not been *that* intoxicated in a long, long time.

4. Officer Croft read the Defendant the DIC-24 Statutory Warning at approximately 10:09 p.m. and requested a specimen of the Defendant's blood. The Defendant refused to provide a specimen of his blood voluntarily.

5. The requirements set forth in Texas Transportation Code Section 724.012 to obtain a mandatory blood sample from the Defendant were met. Specifically, (1) that Officer Croft had reasonable grounds to believe that the Defendant operated a motor vehicle in a public place while intoxicated, (2) the Defendant refused Officer Croft's request to submit to the taking of a specimen voluntarily, and (3) at the time of the arrest, Officer Croft possessed or received reliable information from a credible source that the Defendant on two or more occasions had been previously convicted or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or 49.06 [sic].

6. The Defendant's blood draw was conducted around 10:10 p.m. using medically-accepted procedures. Philip Fabian, a registered professional nurse, drew the Defendant's blood at the North Hills Hospital emergency room, a sanitary place.

7. The date of arrest, October 31, 2012, was not during a "No-refusal" period where magistrates are available in a streamlined manner to review and sign search warrants.

8. North Richland Hills PD officers are trained and experienced regarding obtaining search warrants.

9. North Richland Hills PD has magistrates available to review and sign search warrants. However, this process is not as streamlined as it is during "No-Refusal" periods.

10. Officer Croft obtained the Defendant's compelled blood sample pursuant to the mandatory provisions of Texas Transportation Code Section 724.012(b). Other than the ever-present exigency-related factors that exist in the cases enumerated in Section 724.012(b), that is, the constant dissipation of alcohol from the bloodstream and the severity of the offense committed, here, by a DWI recidivist, no other exigencies arose from the circumstances of the offense. Officer Croft relied on the mandatory terms of Texas'[s] implied-consent statute.

11. The Defendant was in possession of a valid Texas driver's license at the time of this offense.

After a hearing, the trial court denied Burks's motion to suppress. Burks pleaded guilty pursuant to a plea bargain, and in accordance with the plea bargain, the trial court sentenced Burks to ten years' confinement and a $1,500 fine, suspended imposition of the confinement portion of the sentence, and placed Burks on community supervision for five years.

### III. BLOOD DRAW VIOLATED FOURTH AMENDMENT

In *Missouri v. McNeely*, the United States Supreme Court held that the natural dissipation of alcohol in the bloodstream does not present a per se exigent circumstance justifying a blood test without a warrant in all DWI cases. 133 S. Ct. 1552, 1563 (2013). Exigency in this context must be determined case by case based on the totality of the circumstances. *Id.*

Texas's implied-consent and mandatory-blood-draw statutes provide a statutory scheme whereby the taking of blood samples is premised on "implied

4

consent" and is required in certain DWI investigations, including felony DWI, even if the suspect refuses consent. *See* Tex. Transp. Code Ann. §§ 724.011(a), 724.012(b), 724.013. Our sister courts have grappled with the import of *McNeely* upon our mandatory-blood-draw and implied-consent statutes. The court of criminal appeals recently resolved the issue:

> We hold that the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement. We thus reject the State's assertion that a warrantless, nonconsensual blood draw conducted pursuant to those provisions can fall under one of the established exceptions to the warrant requirement described above, and we further reject the State's suggestion that such a search may be upheld under a general Fourth Amendment balancing test.

*Villarreal*, 2014 WL 6734178, at *10–16. Specifically, the court in *Villarreal* rejected the State's arguments that (1) a warrantless, nonconsensual blood test under the transportation code should be upheld as categorically reasonable under the consent exception—applicable in the form of a prior waiver through implied consent, the automobile exception, the special-needs exception, or the search-incident-to-arrest exception, (2) a blood draw should be treated as a seizure instead of a search, and (3) such a search may be upheld on the basis that it is reasonable under a general Fourth Amendment balancing test. *Id.* at *10–17. The State raises these same arguments in this appeal.

In this case, Burks did not consent to a blood draw, and a warrant to draw his blood was not obtained. The State does not rely on the exigent circumstances exception to the warrant requirement. There was no accident or

injury; as stated in the stipulated facts, the only "exigency" was "the constant dissipation of alcohol from the bloodstream and the severity of the offense committed, here, by a DWI recidivist." Officer Croft relied exclusively on the "mandatory provisions" of transportation code section 724.012(b)(3)(B) for the warrantless blood draw. *See* Tex. Transp. Code Ann. § 724.012(b)(3)(B). Following *Villarreal*, we hold that this warrantless, nonconsensual blood draw conducted pursuant to the mandatory-blood-draw and implied-consent provisions of the Texas Transportation Code violated the Fourth Amendment. *See* 2014 WL 6734178, at *21.

The State alternatively argues that because the officer in this case was following the mandatory terms of the transportation code, the exclusionary rule should not apply here. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (providing that "[n]o evidence obtained by an officer . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case"). But there is no exception to our statutory exclusionary rule for an officer's good faith reliance on a statute. *See id.* art. 38.23(b) (providing the only exception for officers acting in good-faith reliance upon a warrant); *State v. Anderson*, No. 09-13-00400-CR, 2014 WL 5033262, at *14 (Tex. App.—Beaumont Oct. 8, 2014, no. pet. h.) (explaining that the federal exclusionary rule, unlike Texas's, has at least three good faith exceptions) (citing *Davis v. United States*, 131 S. Ct. 2419, 2427–28 (2011));

6

*Polk v. State*, 704 S.W.2d 929, 934 (Tex. App.—Dallas 1986), *aff'd*, 738 S.W.2d 274 (Tex. Crim. App. 1987).  Because there was no warrant in this case, the statutory exception in article 38.23(b) does not apply.  *See Anderson*, 2014 WL 5033262, at *14; *Douds v. State*, 434 S.W.3d 842, 861 (Tex. App.—Houston [14th Dist.] 2014, pet. granted) (en banc).

We hold that the trial court erred by denying Burks's motion to suppress the blood alcohol test results, and we sustain Burks's sole point.

## IV. Conclusion

Having sustained Burks's sole point and having held that the blood alcohol test results should have been suppressed, we reverse the trial court's order denying Burks's motion to suppress and the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

PUBLISH

DELIVERED: January 8, 2015

7