

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00077-CR
### NO. 02-14-00078-CR

WALTER TENDAI CHIDYAUSIKU                                              APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NOS. 1264242R, 1264243R

----------

## CONCURRING OPINION

----------

I agree that the trial court's judgments must be reversed and remanded for further, consistent proceedings. I write separately to clarify the parameters of this court's holdings.

This case involves a mandatory blood draw under transportation code section 724.012(b)(1), which implies consent for a breath or blood sample if a suspected impaired driver is in an accident and someone other than the impaired

driver "has suffered bodily injury and been transported to a hospital . . . for medical treatment." Tex. Transp. Code Ann. § 724.012(b)(1)(C) (West 2011). The court of criminal appeals, in a case involving section 724.012(b)(3), recently held that "a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the Fourth Amendment." *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178, at *21 (Tex. Crim. App. Nov. 26, 2014) (5–4 opinion). Thus, the warrantless blood draw under section 724.012(b)(1) in this case violated the Fourth Amendment and must be suppressed in the absence of any exception to the warrant requirement.

I agree that there are no exceptions to the warrant requirement in this case because the record reveals (1) no exigency;[1] (2) that Appellant did not consent to the search; and (3) that the automobile, search-incident-to-arrest, and special-needs exceptions are inapplicable. *See id.* at *10–16; *Lloyd v. State*, No. 05-13-01004-CR, 2014 WL 7249747, at *3 (Tex. App.—Dallas Dec. 22, 2014, no pet. h.). However, the police officers at the time of the blood draw did nothing wrong by relying on a then-valid statute to compel a blood specimen without a warrant

---

[1]The opinion states that the "only possible exigency suggested by the record is the natural dissipation of alcohol in Appellant's body." I disagree to the extent this statement could be construed as a holding that dissipation is the only arguable exigency in this type of case. I agree, however, that the record in this case shows no exigency sufficient to justify a warrantless search.

2

when faced with two people who were severely injured after Appellant was in a wreck with them, one of whom—a ten-year-old boy—later died. Similarly, the trial court understandably held that section 724.012(b)(1) specifically authorized the blood draw and was, in effect, an exception to the warrant requirement. Whether or not the police had a "commendable . . . protocol" in place to secure a warrant as stated by the opinion, the police justifiably relied on an authorizing statute to compel the warrantless search. I recognize that there is no good-faith exception to the exclusionary rule, *see Burks v. State*, No. 02-13-00560-CR, 2015 WL 115964, at *3 (Tex. App.—Fort Worth Jan. 8, 2015, no pet. h.), but I believe it imperative to avoid any implication that the police officers or the trial court in this case were willfully or knowingly disregarding constitutional requirements. In any event, the State failed to prove under the totality of the circumstances that the warrantless search was nevertheless reasonable based on an established exception to the warrant requirement. *See Amador v. State*, 221 S.W.3d 666, 672–73 (Tex. Crim. App. 2006) (holding once defendant establishes a search or seizure occurred without a warrant and rebuts the presumption of proper police conduct, the burden shifts to the State to prove the reasonableness of the search or seizure).

Having found error, the opinion correctly proceeds to a harm analysis under rule 44.2(a). Tex. R. App. P. 44.2(a). Neither Appellant nor the State briefed whether any harm flowed from the constitutional error; thus, it is unclear whether Appellant argues that the error contributed to his decision to plead guilty,

3

to his punishment as assessed by the jury, or both. But the court of criminal appeals has indicated that even though the blood-test results were admitted only during punishment, the harm from the trial court's denial of appellant's motion to suppress, if any, is deeply connected to Appellant's decision to plead guilty. *See Holmes v. State*, 323 S.W.3d 163, 172–73 (Tex. Crim. App. 2009); *see also Sanchez v. State*, 98 S.W.3d 349, 357–58 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Thus, any harm arising from the trial court's denial should be looked at relative to Appellant's decision to plead guilty. *See Gentry v. State*, No. 12-13-00168-CR, 2014 WL 4215544, at *4 (Tex. App.—Tyler Aug. 27, 2014, pet. filed) (mem. op., not designated for publication) (in an appeal from DWI conviction where defendant pleaded guilty and jury assessed punishment and after concluding warrantless blood draw violated Fourth Amendment, appellate court considered "whether the trial court's admission of the blood test evidence contributed to Appellant's decision to plead 'guilty'"); *Forsyth v. State*, 438 S.W.3d 216, 225 (Tex. App.—Eastland 2014, pet. ref'd) (same holding in case where defendant pleaded guilty and trial court assessed punishment); *Jaganathan v. State*, 438 S.W.3d 823, 828–29 (Tex. App.—Houston [14th Dist.] 2014, pet. granted) (same). *But see Noriega v. State*, No. 04-13-00744-CR, 2014 WL 7339735, at *2 (Tex. App.—San Antonio Dec. 23, 2014, no pet. h.) (mem. op., not designated for publication) (concluding defendant who pleaded guilty to DWI and had jury assess punishment was not harmed by admission at punishment of blood-test results obtained without a warrant because "the jury

4

would [not] have assigned much weight to the statutory blood draw evidence in view of the other evidence of the extent of defendant's intoxication").

Under rule 44.2(a), we must reverse the trial court's judgments unless we can determine beyond a reasonable doubt that the error did not contribute to Appellant's decision to plead guilty. In other words, we must conclude beyond a reasonable doubt that the trial court's failure to suppress the blood-test results did not influence Appellant's decision to plead guilty. *Forsyth*, 438 S.W.3d at 225. The record shows that after the trial court announced that it was denying the motions to suppress, Appellant's counsel stated that it was Appellant's "intention . . . to enter pleas of guilty" and that he specifically intended to preserve his right to appeal the trial court's suppression rulings. Counsel further stated that Appellant would "enter a plea to this now" to "not fuss about things that aren't in dispute" and would take up the "legal issue" later on appeal. I believe these statements by counsel preclude a finding that Appellant's decision to plead guilty was not influenced by the trial court's denials of his motions to suppress. *See Gentry*, 2014 WL 4215544, at *4; *Jaganathan*, 438 S.W.3d at 829.

With these comments, I concur in the court's reversal of the trial court's judgments and remand for further, consistent proceedings.

5

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

LIVINGSTON, C.J., joins.

PUBLISH

DELIVERED: February 19, 2015

6