**Reversed and Remanded and Opinion Filed May 20, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00075-CR

### HENRY WILSON RICHARDS, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1263948-S**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Bridges

Henry Wilson Richards appeals his driving while intoxicated (DWI) conviction. After the trial court overruled his motion to suppress evidence, appellant pleaded guilty to DWI, and the trial court sentenced him to ten years' confinement, probated for five years, and $2000 fine. In a single issue, appellant argues the trial court erred in denying his motion to suppress blood test evidence because the warrantless, nonconsensual blood draw constituted an unconstitutional search and seizure and violated his Fourth Amendment rights. We agree with appellant. We reverse the trial court's judgment and remand this case for further proceedings.

On December 30, 2012, Officer Shannon Smith observed appellant driving faster than the speed limit and almost colliding with another vehicle. Smith stopped appellant, who "opened up his door immediately." Smith observed appellants' eyes were red and his breath smelled of

alcohol. After performing field sobriety tests, Smith arrested appellant for DWI. Appellant refused to give a blood sample. Smith took appellant to the Lew Sterrett Justice Center where Smith discovered records indicating appellant had been convicted of DWI twice before. Although Smith could have "easily" obtained a warrant, she did not do so. After approximately two hours, blood was drawn from appellant without his consent pursuant to section 724.012 of the Texas Transportation Code.

Before trial, appellant filed a motion to suppress, alleging the warrantless, nonconsensual blood draw was a violation of his Fourth Amendment rights. Following a hearing, the trial court denied appellant's motion. The trial court entered findings of fact that, among other things, appellant refused to give a blood sample, blood evidence was nevertheless seized without a warrant, and the blood evidence was seized under Texas Transportation Code section 724.012. While this appeal was pending, the Court of Criminal Appeals, relying on *Missouri v. McNeely*, ___ U.S. ___ , 133 S.Ct. 1552 (2013), issued its opinion in *State v. Villarreal*, No. PD-0306-14, __ S.W.3d __ 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), addressing involuntary blood draws taken under the authority of the Texas Transportation Code.

In a single issue, appellant argues the trial court erred by denying his motion to suppress. Appellant claims that, because he did not consent to the blood draw and the State did not have a warrant to draw his blood, the search was reasonable only if the State could show exigent circumstances. Because the State did not do so, appellant claims the search violated his Fourth Amendment rights, the motion should have been granted, and the blood alcohol concentration evidence should have been suppressed.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). We grant almost total deference to the trial court's determinations of historical facts and mixed questions of law and

fact that rely on credibility when supported by the record. *Id.* But when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, we review the trial court's ruling de novo. *Id.*

The State argues that, by accepting the privilege to drive, a person accepts the responsibility to be subject to the reasonable regulations the State will use to protect the welfare and safety of the general public, including those of the implied-consent statute, section 724.012, and Administrative License Revocation program. The State argues the implied-consent statute is "a codification of exigent circumstances that gives helpful guidance to law enforcement officials" and these exigent circumstances made a warrant unnecessary in this case.

To the extent the State relies on the implied-consent statute to justify the warrantless blood draw in this case, such reliance is misplaced. The court of criminal appeals, in *Villarreal*, held as follows:

> To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when some aggravating circumstance is present, that suggestion cannot be squared with the requirement that, to be valid for Fourth Amendment purposes, consent must be freely and voluntarily given based on the totality of the circumstances, and must not have been revoked or withdrawn at the time of the search.

*Villarreal*, 2014 WL 6734178 at *11; *see Lloyd v. State*, 453 S.W.3d 544, 547-48 (Tex. App.—Dallas 2014, pet. ref'd).

As to the presence of exigent circumstances in this case, the State essentially relies on the same factors that invoke the mandatory blood draw statute. *See* TEX. TRANSP. CODE ANN. § 724.012; *Lloyd*, 453 S.W.3d at 548. These factors are not exigent circumstances that provide an exception to the warrant requirement; exigent circumstances are those "exigencies of the situation" that "make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394

–3–

(1978). These include, for example, the threat of imminent removal or destruction of evidence, threat to human life, rendering emergency assistance to injured occupants, or hot pursuit of a fleeing suspect. *See Kentucky v. King*, ___ U.S. ___ , 131 S.Ct. 1849, 1856 (1978). However, as a general rule, the "context of blood testing is different in critical respects from other destruction-of-evidence cases in which police are truly confronted with a 'now or never' situation." *McNeely*, 133 S.Ct. at 1561. Such cases should be considered on a case-by-case assessment of exigency, not a categorical rule. *Id.* In fact, in "those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *Id.* Here, no exigent circumstances existed which would justify a warrantless search.

Appellant did not consent to the draw, and the taking of his blood did not fall under another recognized exception to the warrant requirement. We therefore conclude the warrantless, nonconsensual blood draw violated appellant's Fourth Amendment rights. *See McNeely*, 133 S.Ct. at 1561-63; *Villarreal*, 2014 WL 6734178 at *20; *Lloyd*, 453 S.W.3d at 548. The trial court therefore abused its discretion in denying appellant's motion to suppress. We sustain appellant's sole issue.

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

Do Not Publish
Tex. R. App. P. 47.2(b)

140075F.U05                                            /David L. Bridges/
                                                       _____
                                                       DAVID L. BRIDGES
                                                       JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HENRY WILSON RICHARDS, JR.,
Appellant

No. 05-14-00075-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1263948-S.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered May 20, 2015.