**Affirmed and Opinion Filed July 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-14-00694-CR
_____

### THE STATE OF TEXAS, Appellant
### V.
### JENNIFER ELISABETH ESHER, Appellee

**On Appeal from the County Criminal Court No. 9**
**Dallas County, Texas**
**Trial Court Cause No. M12-11348**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Lang

The State of Texas appeals the trial court's order granting Jennifer Elisabeth Esher's motion to suppress evidence. *See* TEX. R. EVID. 44.01(a)(5). Esher was charged by information with the offense of driving while intoxicated. In its sole issue on appeal, the State argues the trial court erred when it granted Esher's motion to suppress. We conclude the trial court did not err. The trial court's order granting Esher's motion to suppress is affirmed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 30, 2012, at approximately 9:15 p.m., Esher's vehicle collided into another vehicle. The driver of the other vehicle was injured and transported to the hospital for medical treatment. Officer Raymond Keener responded to the accident and observed the strong odor of alcohol on Esher. As a result, he administered the standardized field sobriety tests to Esher and observed clues of intoxication. Esher was arrested for the offense of driving while intoxicated.

Officer Roy Oliver transported Esher to the jail where she refused to provide a breath specimen. Consequently, Esher was transported to the hospital for a "mandatory blood draw" pursuant to section 724.012(b)(1)(B) of the Texas Transportation Code, without her consent. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(1)(B) (West 2011).

Esher was charged by information with the offense of driving while intoxicated. She filed a motion to suppress her blood specimen because, she claimed, it was obtained in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Texas Constitution. In part, Esher argued the officers made no attempt to obtain a search warrant and no exigent or emergency situation existed that would have prevented the officers from obtaining a search warrant. During the hearing on Esher's motion to suppress, the State stipulated that the other driver "probably did not suffer what was going to be proved to be a serious bodily injury," but maintained that the officer would not have learned of that at the time of the blood draw. The trial court granted Esher's motion to suppress and issued written findings of fact and conclusions of law.

## II. MOTION TO SUPPRESS

In issue one, the State argues the trial court erred when it granted Esher's motion to suppress. The State maintains that the evidence sought to be excluded, Esher's blood specimen, was not obtained contrary to the protections of individual privacy afforded by the Fourth Amendment to the United States Constitution. Esher responds that compliance with a state statute is not an exception to the Fourth Amendment warrant requirement and the State failed to prove the circumstances surrounding the taking of her blood specimen fell within one of the recognized exceptions to the Fourth Amendment.

### A. Standard of Review

An appellate court reviews a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013); *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013); *Lloyd v. State*, 453 S.W.3d 544, 546 (Tex. App.—Dallas 2014, pet. ref'd). An appellate court reviews a trial court's factual findings for an abuse of discretion and the trial court's application of the law to the facts de novo. *Turrubiate*, 399 S.W.3d at 150; *see Lloyd*, 453 S.W.3d at 546. Whether a specific search or seizure is reasonable or supported by probable cause is a question of law subject to de novo review. *McNeil v. State*, 443 S.W.3d 295, 299 (Tex. App.—San Antonio 2014, pet. filed); *Aviles v. State*, 443 S.W.3d 291, 293 (Tex. App.—San Antonio 2014, pet. ref'd) (op. on remand). Additionally, the legal question of whether the totality of the circumstances justified the officer's actions is reviewed do novo. *Sutherland v. State*, 436 S.W.3d 28, 33 (Tex. App.—Amarillo 2014, pet. filed).

When the trial court makes fact findings, an appellate court determines whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). Then, the appellate court reviews the trial court's legal ruling de novo, unless its specific fact findings that are supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 818–19. An appellate court must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

### B. Applicable Law

The Fourth Amendment to the United States Constitution, which is made applicable to the states by the Due Process Clause of the Fourteenth Amendment, provides "[t]he right of the

people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no warrants shall issue" unless certain requirements are met. U.S. CONST. amend. IV, XIV. Similarly, article I, section 9 of the Texas Constitution protects against unreasonable searches and seizures by government officials. TEX. CONST. art. I, § 9. The taking of a blood specimen is a search and seizure under the Fourth Amendment and the Texas Constitution. *Schmerber v. California*, 384 U.S. 757, 767 (1966); *Aliff v. State*, 627 S.W.2d 166, 169 (Tex. Crim. App. 1982); *State v. Tercero*, No. 01-14-00120-CR, 2015 WL 1544519, at *2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2015, pet. filed); *McGruder v. State*, No. 10-13-00109-CR, 2014 WL 3973089, at *2 (Tex. App.—Waco Aug. 14, 2014, pet. granted); *Reeder v. State*, 428 S.W.3d 924, 927 (Tex. App.—Texarkana 2014, pet. granted); *see also Bowman v. State*, No. 05-13-01349-CR, 2015 WL 557205, at *7 (Tex. App.—Dallas Feb. 10, 2015, no pet. h.) (not designated for publication); *Holidy v. State*, No. 06-13-00261-CR, 2014 WL 1722171, at *2 (Tex. App.—Texarkana Apr. 30, 2014, pet. granted) (mem. op., not designated for publication).

A warrantless search or seizure is per se unreasonable, unless it falls under a recognized exception to the warrant requirement. *Katz v. United States*, 389 U.S. 347, 357 (1967); *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000); *Reeder*, 428 S.W.3d at 927; *see also Holidy*, 2014 WL 1722171, at *2. However, a warrantless seizure of a blood sample can be constitutionally permissible if officers have probable cause to arrest a suspect, exigent circumstances exist, and a reasonable method of extraction is available. *Schmerber*, 384 U.S. at 767–68; *McGruder*, 2014 WL 3973089, at *2. A venipuncture blood draw to test for intoxication is a presumptively reasonable method under the Fourth Amendment for the general population. *See Schmerber*, 384 U.S. at 771; *State v. Johnston*, 336 S.W.3d 649, 659 (Tex. Crim. App. 2011); *see also Dromgoole v. State*, No. 01-13-00931-CR, 2015 WL 3522990, at *4 (Tex. App.—Houston [1st Dist.] June 4, 2015, no pet. h.) (motion for reh'g granted).

Nevertheless, the natural dissipation of alcohol in a person's blood as the body metabolizes the alcohol is, standing alone, insufficient to constitute exigent circumstances that would support a warrantless blood draw. *Missouri v. McNeely*, 133 S. Ct. 1552, 1561–63; *Sutherland*, 436 S.W.3d at 37. "[N]ewly announced rules of constitutional criminal procedure must apply 'retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception.'" *Davis v. United States*, 131 S. Ct. 2419, 2430 (2011); *Griffith v. Kentucky*, 479 U.S. 314, 326–28 (1987); *Tercero*, 2015 WL 1544519, at *6; *Cole v. State*, 454 S.W.3d 89, 97 (Tex. App.—Texarkana 2014, pet. granted); *see also Bowman*, 2015 WL 557205, at *10.

Section 724.011(a) of the Texas Transportation Code, which is often referred to as the "implied consent statute," provides that a person arrested for driving while intoxicated is deemed to have consented to the taking of a breath or blood specimen for purposes of analysis to determine the blood alcohol concentration. TEX. TRANSP. CODE ANN. § 724.011(a). The person retains the right, subject to automatic suspension of his driver's license, to refuse to give a specimen. TEX. TRANSP. CODE ANN. §§ 724.013, 724.032(a). Section 724.011(a) does not authorize the drawing of blood from a defendant without his consent, unless section 724.012(b) is involved. *Cole*, 454 S.W.3d at 96–97. Section 724.012(b), which is often referred to as the "mandatory blood draw statute," provides that the officer "shall require the taking of a specimen of the person's breath or blood" if the person refuses the officer's request and an individual other than the person has suffered bodily injury and has been transported to a hospital or other medical facility for treatment. TEX. TRANSP. CODE ANN. § 724.012(b)(1)(B). The officer shall designate the type of specimen to be taken. TEX. TRANSP. CODE ANN. § 724.012(c). There is no language in section 724.012(b) that authorizes an officer to take the specimen without a warrant. *State v. Anderson*, 445 S.W.3d 895, 907 (Tex. App.—Beaumont 2014, no pet.); *McGruder*, 2014 WL 3973089, at *3; *Forsyth v. State*, 438 S.W.3d 216, 224 (Tex. App.—Eastland 2014, pet. ref'd);

*Douds v. State*, 434 S.W.3d 842, 859–60 (Tex. App.—Houston [14th Dist.] 2014, pet. granted); *Weems v. State*, 434 S.W.3d 655, 663–66 (Tex. App.—San Antonio 2014, pet. granted); *Sutherland*, 436 S.W.3d at 38–41.

The "implied consent statute" in section 724.011(a) and the "mandatory blood draw statute" in section 724.012(b) both create categorical or per se rules, which are not permissible exceptions to the Fourth Amendment warrant requirement. *McNeil*, 443 S.W.3d at 299–300; *Aviles*, 443 S.W.3d at 293–94; *Forsyth*, 438 S.W.3d at 223; *Douds*, 434 S.W.3d at 859–60; *Weems*, 434 S.W.3d at 664–65; *Reeder*, 428 S.W.3d at 928–30; *see also Holidy*, 2014 WL 1722171, at *4. However, an officer may obtain a search warrant even where implied consent statutes would authorize an involuntary blood draw. *See State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178, at *20 n.15 (Tex. Crim. App. Nov. 26, 2014) (motion for reh'g granted); *Dromgoole*, 2015 WL 3522990, at *10. Further, implied consent that has been withdrawn or revoked is not a substitute for the voluntary consent required by the Fourth Amendment. *Villarreal*, 2014 WL 6734178, at *11; *Lloyd*, 453 S.W.3d at 547. In the absence of a warrant or any applicable exception to the warrant requirement, a nonconsensual search of a suspect's blood conducted pursuant to the "implied consent" and "mandatory blood draw" statutes violates the Fourth Amendment. *Villarreal*, 2014 WL 6734178, at *11, 21; *Lloyd*, 453 S.W.3d at 547; *Tercero*, 2015 WL 1544519, at *4; *Perez v. State*, No. 01-12-01001-CR, 2015 WL 1245469, at *9 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, pet. filed) (op. on reh'g); *Chidyausiku v. State*, 457 S.W.3d 627, 630–31 (Tex. App.—Fort Worth 2015, pet. filed); *State v. Garcia*, 457 S.W.3d 546, 547–48 (Tex. App.—San Antonio 2015, pet. filed); *Burks v. State*, 454 S.W.3d 705, 708–09 (Tex. App.—Fort Worth 2015, pet. filed); *Cole*, 454 S.W.3d at 97; *see also Richards v. State*, No. 05-14-00075-CR, 2015 WL 2400757, at *2 (Tex. App.—Dallas May 20, 2015, pet. filed) (mem. op., not designated for publication); *Bowman*, 2015 WL 557205, at * 9; *State v.*

*Sandlin*, No. 05-14-00072-CR, 2015 WL 294660, at *1–2 (Tex. App.—Dallas Jan. 22, 2015, no pet. h.) (mem. op., not designated for publication). Furthermore, there is no indication in the plain language of the statute that the circumstances outlined in section 724.012(b) would constitute exigent circumstances or any other recognized exception. *Anderson*, 445 S.W.3d at 907. In addition, a general balancing test is not appropriate to justify a warrantless blood draw. *See Villarreal*, 014 WL 6734178, at *17–18; *Tercero*, 2015 WL 1544519, at *5–6; *see also Bowman*, 2015 WL 557205, at * 9.

The Texas exclusionary rule is found in article 38.23 of the Texas Code of Criminal Procedure. The statute provides that evidence may not be used or admitted in the criminal trial against the defendant if the evidence is obtained by "an officer or other person in violation of any of the provisions of the Constitution or the laws of the State of Texas, or of the Constitution or laws of the United States of America." TEX. CODE CRIM. PROC. ANN. art. 38.23(a); *Burks*, 454 S.W.3d at 709; *Anderson*, 445 S.W.3d at 912. The Texas statutory exclusionary rule specifies only one legislative good faith exception: "It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." TEX. CODE CRIM. PROC. ANN. art. 38.23(b); *Anderson*, 445 S.W.3d at 912. This "good faith" exception expressly applies only when a warrant has been issued by a neutral magistrate. *Anderson*, 445 S.W.3d at 912. The federal exclusionary rule is judicially created and it has at least three good faith exceptions. *Anderson*, 445 S.W.3d at 912 (citing *Davis*, 131 S. Ct. at 2427–28). However, exceptions to the federal exclusionary rule only apply to the Texas statutory exclusionary rule if they are consistent with the plain language of the statute. *Anderson*, 445 S.W.3d at 912; *Douds*, 434 S.W.3d at 861. When a warrantless, mandatory blood draw is conducted pursuant to section 724.012(b) of the Texas Transportation Code, the "good

faith" statutory exception to the exclusionary rule does not apply. *Burks*, 454 S.W.3d at 709; *Anderson*, 445 S.W.3d at 912.

### C. Application of the Law to the Facts

Initially, we note that the parties do not dispute that Esher refused to provide a breath or blood specimen and the officers did not obtain a warrant prior to requiring Esher to submit to a blood draw. Rather, the State challenges the trial court's conclusions of law that the evidence should be suppressed because it was obtained in violation of Esher's rights under the Fourth Amendment. While this appeal was pending, the Texas Court of Criminal Appeals issued its opinion in *Villarreal*, this Court issued its opinions in *Lloyd*, *Richards*, *Bowman*, and *Sandlin*, and several of our sister courts of appeals issued opinions, addressing the "implied consent" and "mandatory blood draw" statutes in the Texas Transportation Code. Those opinions have addressed the State's arguments.

First, the State argues implied consent is a valid exception to the warrant requirement and is irrevocable. Here, Esher expressly refused consent to the taking of her blood. The refusal to submit to blood testing overrides the existence of any implied consent. *See Villarreal*, 2014 WL 6734178, at *11; *Lloyd*, 453 S.W.3d at 547. In the absence of a warrant or any applicable exception to the warrant requirement, implied consent that has been withdrawn or revoked is not a substitute for the voluntary consent required by the Fourth Amendment. *See Villarreal*, 2014 WL 6734178, at *11, 21; *Lloyd*, 453 S.W.3d at 547; *Tercero*, 2015 WL 1544519, at *4; *Perez*, 2015 WL 1245469, at *9; *Chidyausiku*, 457 S.W.3d at 630–31; *Burks*, 454 S.W.3d at 708–09; *Cole*, 454 S.W.3d at 97; *see also Richards*, 2015 WL 2400757, at *2; *Bowman*, 2015 WL 557205, at * 9; *Sandlin*, 2015 WL 294660, at *1–2.

Second, the State argues the mandatory blood draw falls within the automobile and search-incident-to-arrest exceptions to the warrant requirement. Also, the State contends that the

"mandatory blood draw statute" requires the taking of a specimen and includes a special circumstance or fact authorizing the taking of a sample. However, in the absence of a warrant or any applicable exception to the warrant requirement, a nonconsensual search of a person's blood conducted pursuant to the "mandatory blood draw statute" violates the Fourth Amendment. *See Villarreal*, 2014 WL 6734178, at *11, 21; *Lloyd*, 453 S.W.3d at 547; *Tercero*, 2015 WL 1544519, at *4; *Perez*, 2015 WL 1245469, at *9; *Chidyasiku*, 457 S.W.3d at 630–31; *Garcia*, 457 S.W.3d at 547–48; *Burks*, 454 S.W.3d at 708–09; *Cole*, 454 S.W.3d at 97; *see also Bowman*, 2015 WL 557205, at * 9. Also, in *Villarreal*, the Texas Supreme Court, addressing known exceptions to the warrant requirement—the automobile, special-needs, and search-incident-to-arrest exceptions—concluded the blood draw did not fall under any recognized exception to the warrant requirement. *See Villarreal*, 2014 WL 6734178, at *10, 12–16; *Lloyd*, 453 S.W.3d at 547; *Chidyausiku*, 457 S.W.3d at 631.

Third, the State argues we should conduct a traditional Fourth Amendment balancing test, weighing the government's interest against the individual's privacy. In *Villarreal*, the Texas Court of Criminal Appeals rejected the argument that a warrantless blood draw conducted pursuant to the provisions of the Texas Transportation Code over a defendant's objection can, without more, be upheld under a general Fourth Amendment balancing test. *See Villarreal*, 2014 WL 6734178, at *20; *Tercero*, 2015 WL 1544519, at *5–6; *see also Bowman*, 2015 WL 557205, at * 9.

Fourth, the State argues that the officer "believed" he was required to take a specimen pursuant to the mandatory terms of section 724.012(b). *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). It contends that the "evidence should not be excluded when a state officer does exactly what his state legislature has mandated . . . comply[ing] with the law[,] rather than circumvent[ing] it." The State does not provide authority in support of this assertion or further

explanation. We construe the State's argument to assert that the "good faith" exception to the "exclusionary rule" should apply to this case. However, because there was no warrant in this case, the statutory "good faith" exception in article 38.23(b) of the Texas Code of Criminal Procedure does not apply. *See Burks*, 454 S.W.3d at 709; *Anderson*, 445 S.W.3d at 912.

Fifth, the State argues the United States Supreme Court's opinion in *McNeely* should not be given retroactive effect. The opinion in *McNeely* is dated April 17, 2013. The alleged offense and the taking of a specimen of Esher's blood occurred on May 30, 2012. However, new rules of constitutional criminal procedure must apply retroactively to all cases. *See Davis*, 131 S. Ct. at 2430; *Tercero*, 2015 WL 1544519, at *6; *Cole*, 454 S.W.3d at 97; *see also Bowman*, 2015 WL 557205, at *10.

Finally, the State argues that *McNeely* is too narrow to apply because the *McNeely* case did not involve exigent circumstances other than the dissipation of alcohol from the blood stream. In this case, the State argues that, based on the totality of the circumstances, exigency was met, in particular by the threat of imminent destruction of the evidence:

> The blood draw in this case was reasonable because so much of the alcohol would already have dissipated or disappeared by the time that the police determined [Esher] was subject to arrest for driving while intoxicated. In the intervening time period as much as 25% of the alcohol consumed by [Esher] could have already been eliminated from her bloodstream. Obtaining a search warrant could only further reduce the reliability and interpretation of blood testing.

We note that as a general rule, the "context of blood testing is different in critical respects from other destruction-of-evidence cases in which police are truly confronted with a 'now or never' situation." *McNeely*, 133 S. Ct. 1552, 1561; *Lloyd*, 453 S.W.3d at 548. Such cases should be considered on a case-by-case assessment of exigency, not a categorical rule. *McNeely*, 133 S. Ct. 1552, 1561; *Lloyd*, 453 S.W.3d at 548.

In its written findings of fact, which are supported by the record, the trial court found that the officers were dispatched to the scene of a motor vehicle accident at approximately 9:15 p.m.,

and after observing "a strong odor of alcohol[]" on Esher an officer "conducted the standardized field sobriety tests [] on [Esher]" and "observed clues of intoxication." Testimony during the hearing on Esher's motion to suppress showed that Esher was arrested and transported to the jail at approximately 10:00 p.m. The officer stated they arrived at the jail six minutes later. When Esher refused to provide a specimen of her breath, she was transported to the hospital for a mandatory blood draw. Other than the potential dissipation of alcohol in Esher's blood, which the State refers to as the destruction of evidence, the State does not identify other factors that would suggest the officers faced an emergency or unusual delay in securing a warrant. *See McNeely*, 133 S. Ct. at 1567.

Based on the recent rulings by the Texas Court of Criminal Appeals, this Court, and several of our sister courts of appeals as to the "implied consent" and "mandatory blood draw" statutes in the Texas Transportation Code, we conclude the trial court did not err when it granted Esher's motion to suppress evidence. Issue one is decided against the State.

### III. CONCLUSION

The trial court did not err when it granted Esher's motion to suppress evidence.

The trial court's order granting Esher's motion to suppress is affirmed.

/Douglas S. Lang/
_____
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140694F.U05

–11–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-14-00694-CR     V.

JENNIFER ELISABETH ESHER, Appellee

On Appeal from the County Criminal Court No. 9, Dallas County, Texas
Trial Court Cause No. M12-11348.
Opinion delivered by Justice Lang. Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the trial court's order granting appellee Jennifer Elisabeth Esher's motion to suppress evidence is **AFFIRMED**.

Judgment entered this 27th day of July, 2015.