**AFFIRMED; Opinion Filed October 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01429-CR

**ALEXANDER LEE GRUBBS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause No. 2013-2-0637**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Stoddart

Alexander Lee Grubbs appeals his conviction for driving while intoxicated. In a single issue, Grubbs argues the trial court erred by not granting his motion to suppress evidence. We affirm the trial court's judgment.

The trial court did not hold a hearing on appellant's motion to suppress. Before the trial began, the judge noted the pending motion and stated that the motion presented "a factual issue and must be determined by the trier of fact, and so these issues will be presented to the jury. The Court will not rule on the motion to suppress."

Two police officers testified at trial that they were patrolling in Grayson County, Texas, early in the morning when they saw a vehicle run a stop sign. One officer testified: "I knew there was a stop sign at that intersection and [the vehicle] blatantly did not stop, it continued going through the intersection." He noted the vehicle's headlights never stopped moving,

indicating the vehicle did not stop. The officers conducted a traffic stop. They determined appellant was intoxicated and arrested him. Appellant denied he failed to stop, and sought to suppress evidence on the grounds the police officers lacked reasonable suspicion to conduct a traffic stop of appellant's automobile.

On appeal, appellant's sole issue asserts the trial court erred "by not resolving a critical question of law before the court, which allowed evidence gained in violation of the Fourth Amendment to be admitted at trial." Appellant argues the trial court was required to consider the interplay between Texas Government Code section 311.035; Texas Transportation Code sections 544.003(c), 545.151, and 544.010; and the doctrine of *in pari materia*. He asserts that if the trial court had conducted a statutory analysis of these three provisions of the Texas Transportation Code regarding stop signs, the court would have concluded ambiguity exists within the transportation code. Because he believes two reasonable interpretations of the statute exist—one that inculpates appellant and one that exculpates him—and the trial court should have employed the one favoring appellant, the court "would have resolved the factual issue of reasonable suspicion for the stop" in appellant's favor.

Although appellant filed a motion to suppress, he did not raise this argument to the trial court. A motion to suppress is nothing more than a "specialized objection to the admissibility of that evidence." *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012). To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a). A defendant's appellate contention must comport with the specific objection made at trial. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). A complaint is not preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). A trial court's decision will not be

reversed on a theory the trial court did not have an opportunity to rule upon and upon which the non-appealing party did not have an opportunity to develop a complete factual record. *Pitts v. State*, No. 05-13-01053-CR, 2015 WL 2400741, at \*2 (Tex. App.—Dallas May 19, 2015, pet. ref'd) (mem. op., not designated for publication) (citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)).

Because appellant's argument on appeal does not comport with any objection raised in the motion to suppress, he failed to preserve error, if any, for review. *See* TEX. R. APP. P. 33.1.

To the extent that appellant argues on appeal that the trial court erred by denying his motion to suppress because the officers lacked reasonable suspicion to stop his vehicle, we disagree. We review the trial court's ruling on a motion to suppress evidence under a bifurcated standard. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013); *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013); *Lloyd v. State*, 453 S.W.3d 544, 546 (Tex. App.–Dallas 2014, pet. ref'd). We review the factual findings for an abuse of discretion and the trial court's application of the law to the facts de novo. *Turrubiate*, 399 S.W.3d at 150; *see Lloyd*, 453 S.W.3d at 546. When the trial court does not issue findings of fact, we imply findings that support the trial court's ruling if the evidence, viewed in the light most favorable to the ruling, supports those findings. *Turrubiate*, 399 S.W.3d at 150; *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). Almost total deference is given to the trial court's implied findings, especially those based on credibility and demeanor. *Turrubiate*, 399 S.W.3d at 150; *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). "Whether the facts known to the officer at the time of the detention amount to reasonable suspicion is a mixed question of law that is reviewed de novo on appeal." *See Kerwick*, 393 S.W.3d at 273; *High v. State*, No. 05-15-00074-CR, 2016 WL 4123661, at \*2 (Tex. App.—Dallas July 29, 2016, no pet.) (mem. op., not designated for publication).

Viewing the evidence in the light most favorable to the ruling, the officers testified that they saw appellant's vehicle fail to stop at a stop sign, and that failure to stop is a traffic violation. We conclude the evidence supports a finding that the officers had a reasonable suspicion that appellant committed a traffic violation when they stopped him. Because the officers had a reasonable suspicion they witnessed a traffic violation, their stop of appellant's vehicle was valid and appellant's motion to suppress was properly denied.

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
151429F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEXANDER LEE GRUBBS, Appellant

No. 05-15-01429-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Grayson County, Texas
Trial Court Cause No. 2013-2-0637.
Opinion delivered by Justice Stoddart.
Justices Francis and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of October, 2016.