**Raymond E. MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-85-192-CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 31, 1985.

Rehearing Denied Jan. 23, 1986.

Joseph E. Garcia, III, Portland, for appellant.

Thomas L. Bridges, Sinton, for appellee.

Before UTTER, SEERDEN, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Appellant plead guilty to possession of more than four (4) ounces but less than five (5) pounds of marihuana. Punishment was assessed at confinement in the Texas Department of Corrections for ten (10) years, probated for five (5) years, and a fine of $2500.00. Prior to the entry of his guilty plea, appellant filed a motion to suppress challenging the sufficiency of the search warrant. The motion was denied. We reverse and remand.

In his first ground of error, appellant contends that the search warrant was invalid because it lacked the signature of the magistrate issuing it.

TEX.CODE CRIM.PROC.ANN. § 18.04 (Vernon 1977) provides:

A search warrant issued under this chapter shall be sufficient if it contains the following *requisites:*

(1) that it run in the name of "The State of Texas";

(2) that it identify, as near as may be, that which is to be seized and name or describe, as near as may be, the person, place, or thing to be searched;

(3) that it command any peace officer of the proper county to search forthwith the person, place, or thing named; and

(4) *that it be dated and signed by the magistrate.* [emphasis ours]

■ The search warrant in question is printed on the back side of the affidavit in support of the warrant. It is not signed by the magistrate. It is true that the affidavit in support of the search warrant is signed by the magistrate, John Barrow; however, his signature was placed thereon in his capacity as an officer of the state who is authorized to administer an oath, not for the purpose of signing the search warrant.

Although we have found no Texas cases directly on point, there are several cases which we can analogize to the one before us: *Gish v. State,* 606 S.W.2d 883 (Tex. Crim.App.1980) ("Section 4 of Art. 18.04 requires only that a search warrant 'be dated and signed by the magistrate.' "); *Madrid v. State,* 595 S.W.2d 106 (Tex.Crim. App.1979) (Art. 18.04(1) *requires* that a search warrant run in the name of the State of Texas); *Lyons v. State,* 503 S.W.2d 254 (Tex.Crim.App.1973) (failure of magistrate to sign original search warrant did not render evidence inadmissible where magistrate properly signed xerox copies); *Bender v. State,* 353 S.W.2d 39 (Tex.Crim. App.1962) (complaint invalid when not signed by affiant); and *Armendariz v.*

*State,* 163 Tex.Cr.R. 515, 294 S.W.2d 98 (1956) (record revealed search warrant was admittedly defective and evidence obtained as a result of the search should have been excluded). This is not the type of "technicality" as found in *Barnes v. State,* 504 S.W.2d 450 (Tex.Crim.App.1974) (blank spaces not filled in by magistrate held not to render search warrant fatally defective); *Lyons v. State,* 503 S.W.2d 254 (Tex.Crim. App.1973) (failure of magistrate to date search warrant, when date was typed thereon, held not reversible error); *Walker v. State,* 473 S.W.2d 508 (Tex.Crim.App. 1971) (space for naming county left blank in jurat held not fatally insufficient); *Coberly v. State,* 640 S.W.2d 428 (Tex.App.—Fort Worth 1982, pet ref'd.) (defective jurat); or *McMahon v. State,* 630 S.W.2d 730 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd.) (arrest warrant where magistrate signed his name on top of the printed words "Magistrate of Harris County" held to sufficiently name the office as required by TEX.CODE CRIM.PROC.ANN. art. 15.-02 (Vernon 1977)).

Since art. 18.04(4) *requires* the signature of the magistrate, the search warrant before us, lacking his signature, is invalid. *See eg., Gish v. State,* 606 S.W.2d 883 (Tex.Crim.App.1980). The evidence obtained through this invalid search warrant should have been suppressed. Appellant's first ground of error is sustained.

■ In his second ground of error, appellant contends that the trial court erred in applying the "good faith exception" to the exclusionary rule under the facts of this case.

The "good faith exception" was announced by the United States Supreme Court in *United States v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed. 677 (1984). It stands for the proposition that the "objective good faith" reliance by a police officer on the magistrate's probable cause determination will avoid the application of the exclusionary rule if the magistrate's assessment is later found to have been erroneous. *U.S. v. Leon,* 104 S.Ct. at 3421; *Adkins v. State,* 675 S.W.2d 604 (Tex.App.

—El Paso 1984, pet. granted). The warrant in *Leon* was a "facially valid search warrant," unlike the warrant in the case before us. *Leon,* 104 S.Ct. at 3410. The Supreme Court noted several circumstances under which the exception would not apply. The Court stated one of these exceptions as follows:

> Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

*United States v. Leon,* 104 S.Ct. at 3422.

The requirement that a search warrant particularly describe the place to be searched or the things to be seized is contained in Art. 18.04(2), as one of the four requisites of a search warrant, along with the requirement that the warrant be dated and signed by the magistrate. In line with the reasoning in *Leon,* we hold that the "good faith exception" to the exclusionary rule is inapplicable to the facts of this case. Appellant's second ground of error is also sustained.

We REVERSE and REMAND for a new trial in accordance with our holding above.