NO. 12-04-00307-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


THE STATE OF TEXAS,                                  §     APPEAL FROM THE 
APPELLANT

V.                                                                         §     COUNTY COURT AT LAW OF

SAM DUNCAN, SR.,
APPELLEE                                                        §     HOUSTON COUNTY, TEXAS





MEMORANDUM OPINION
            In one issue, the State of Texas appeals the trial court’s suppression of evidence seized during
the execution of a combination search and arrest warrant. We affirm.

Background
            On July 25, 2003, Texas Alcoholic Beverage Commission Officers Scott Zella and Ben
Gardner presented a form “Texas Alcoholic Beverage Commission” affidavit for a warrant for search
and arrest to a magistrate in Houston County, Texas. The affidavit identified the premises to be
searched as a 
 
certain building or private dwelling located in Houston County, Texas, described as a white, two story,
woodframe structure located at the corner of M.L.K. and Hall street in the city limits of Crockett, Tx. 
The structure is located on the west side of M.L.K. and the south side of Hall street [and] . . . is a
place where alcoholic beverages are unlawfully possessed, sold, manufactured, kept and stored in
violation of the provisions of the Alcoholic Beverage Code where equipment and instrumentality used
for, capable of use for, and designed for use in the manufacturing of illicit beverages containing
alcohol in excess of one-half of one percent by volume are kept, stored and possessed . . . .
 
              The affidavit further stated that the premises were “occupied by, in charge of and under the
control of an unidentified black male to be positively identified at a later time.” Zella and Gardner
also verified that being certified Texas peace officers “worthy of belief,” they
 
used a confidential informant to enter the premise [sic] described [in the description portion of the
warrant]. On 07/25/2003 at approximately 6:00 p.m., the confidential informant purchased a 12 ounce
bottle of Budweiser beer from an unidentified black male to be identified later. The confidential
informant paid a total of $1.25 for the alcoholic beverage. The confidential informant exited the
location with the alcoholic beverage and it was confirmed to be an alcoholic beverage . . . . A records
check through the Texas Alcoholic Beverage Commission showed no permit or license to sell
alcoholic beverages. 
 
            Below this statement in the affidavit, the magistrate signed her name and noted that she was
verifying the affidavit at 6:45 p.m. on July 25. 
            At the bottom of the same page, the warrant portion of the form commands any peace officer
to search the described premises and seize any alcoholic beverages “unlawfully kept, stored,
possessed, and sold” and any “equipment and instrumentalities” used for the sale or manufacture of
such alcoholic beverages. The warrant also commands any peace officer to arrest the “said
unidentified black male(s) the person _____ accused of the unlawful possession, sale and
manufacture of such alcoholic beverages and equipment, and any other person found in unlawful
possession thereof.”


 At the conclusion of the arrest warrant, in the space provided for the
magistrate’s signature, the warrant states, “Witness my hand, this 25 day of July A.D. 192003
Time 7:00 [p.m.].” After this sentence, the rest of the form is blank and contains no signature
by the justice of the peace. 
            The warrant was returned on July 30 and reflected that Duncan had been arrested.


 On
August 15, the State charged Duncan by information with unlawfully selling alcohol without a
permit. On November 5, Duncan filed a motion to suppress his arrest and the evidence seized by
the officers in connection with his arrest, arguing that he “was arrested without a lawful warrant,
probable cause or other lawful authority in violation of the rights of Sam Duncan, Sr. pursuant to the
Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I,
Sections 9, 10 and 19 of the Constitution of the State of Texas.”
            The motion was heard on November 12, and the hearing consisted only of arguments by
counsel and the introduction of the search and arrest warrant into evidence. No other testimonial or
documentary evidence was presented to the court.


 The trial court granted the motion in a written
order on September 17, 2004. In the order, the court noted that the affidavit “fails to state whether
this is a residence or commercial establishment” and does not indicate “whether or not this
‘unidentified black male’ is one and the same as the ‘unidentified black male’ from whom the beer
was purchased or not.” The court further found that the description of the suspects, “unidentified
black male(s),” included in the warrant does not pass constitutional muster because it does not
“describe them as near as may be,” and “there is no reason that a physical description cannot be
made especially under the facts of this case where the confidential informant stated that he purchased
a beer from the suspect.” The court ultimately found that the search and arrest warrant violated the
Fourth Amendment of the United States Constitution because it was “so vague and minimal that the
police could search and arrest virtually any black male who happened to be present when the warrant
was executed.” 
            The State now appeals this order. See Tex. Code Crim. Proc. Ann. art. 44.01(5) (Vernon
Supp. 2004-2005) (giving the State the right to appeal a trial court’s order granting a motion to
suppress evidence).

Did the Trial Court Err by Granting the Motion to Suppress?
            In its sole issue, the State contends that the trial court erred in suppressing the evidence
seized after the warrant was executed because the description of the property to be searched satisfied
the requirements of Article 18.04 of the Texas Code of Criminal Procedure. Duncan argues that the
trial court did not err in suppressing both the evidence seized during the search and Duncan’s arrest
because 1) the affidavit for the search and arrest warrant lacked sufficient probable cause, thereby
authorizing a mere “fishing expedition,” and 2) the warrant was unsigned by the magistrate;
therefore, no determination can be made as to whether probable cause was found.
            Before discussing whether the facts contained in the affidavit support a determination of
probable cause by the magistrate, we must first note that a search warrant is sufficient if it contains
the following requisites:
 
1)that it run in the name of “the State of Texas”;
2)that it identify, as near as may be, that which is to be seized and name or describe, as near as
may be, the person, place, or thing to be searched;
3)that it command any peace officer of the proper county to search forthwith the person, place,
or thing named; and
4)that it be dated and signed by the magistrate. 
 
Tex. Code Crim. Proc. Ann. art. 18.04 (Vernon Supp. 2004-2005) (emphasis added). Article 15.02
of the Texas Code of Criminal Procedure mandates that an arrest warrant shall be sufficient if it has, 
inter alia, the signature of the magistrate. Tex. Code Crim. Proc. Ann. art. 15.02(3) (Vernon Supp.
2004-2005). However, as Duncan points out, the warrant in the case at hand was not signed by the
magistrate. 
            An analogous situation was addressed in Miller v. State, 703 S.W.2d 352 (Tex. App.–
Corpus Christi 1986, pet. ref’d). In Miller, the search warrant in question was printed on the back
side of the affidavit in support of the warrant. Id. at 353. The search warrant was not signed by the
magistrate; however, the affidavit in support of the warrant was signed by the magistrate “in his
capacity as an officer of the state who is authorized to administer an oath, not for the purpose of
signing the search warrant.” The court reasoned that because article 18.04(4) required the signature
of the magistrate, the search warrant was invalid and the evidence obtained through the invalid
search warrant should have been suppressed. Id. at 353-54 (emphasis in original). The court also
held that the “good faith exception” to the exclusionary rule as announced in United States v. Leon,
468 U.S. 897, 921, 104 S. Ct. 3405, 3419, 82 L. Ed. 677, 697 (1984) was inapplicable to the facts
in that case because the warrant was so facially deficient. Id. at 354. 
            The facts of the instant case are also similar to those in Dunn v. State, 951 S.W.2d 478, 480
(Tex. Crim. App. 1997). In Dunn, the appellant argued that his arrest was illegal because the arrest
warrant was not signed at the time of his arrest, in violation of article 15.02 of the Texas Code of
Criminal Procedure. The record at the hearing on the motion to suppress reflected that the magistrate
was presented with twenty pages of affidavits and warrants. After determining that probable cause
existed for all of the warrants, including Dunn’s arrest warrant, the magistrate signed nineteen of the
twenty pages. Id. at 479. The one page he did not sign was Dunn’s arrest warrant. The mistake was
not discovered until after Dunn had been arrested. Upon realizing the error, the magistrate’s
signature was immediately obtained. Id.
            The court of criminal appeals stated that Dunn correctly asserted that the arrest warrant was
not in compliance with article 15.02(3). The court also noted that article 38.23(a) of the Texas Code
of Criminal Procedure excludes evidence obtained by an officer or other person in violation of any
provision of the constitutions or laws of the State of Texas and the United States of America. Id. 
However, the court looked to article 38.23(b), which provides that “[i]t is an exception to the
provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement
officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based
upon probable cause.” With this statute in mind, the court stated that the record established that
Dunn was arrested by officers acting in objective good faith reliance on a warrant based on probable
cause and issued by a magistrate. The court also stated that the record reflected the 
 
magistrate found probable cause to issue the warrant, signed the accompanying warrants, and intended
but inadvertently failed to sign appellant’s arrest warrant. This appears to be exactly the type of
situation intended to be covered by article 38.23(b). Evidence obtained by a police officer acting in
good faith reliance upon a warrant based upon a magistrate’s determination of probable cause should
not be rendered inadmissible due to a defect found in the warrant subsequent to its execution. 
 
            After taking all of the facts surrounding the failure to sign the warrant into consideration, the
court held that Dunn’s arrest warrant had issued for purposes of the good faith exception of article
38.23(b). Id.
            The facts of the instant case are most analogous to those in Miller. Although the court in
Dunn found that the record reflected that the magistrate “intended but inadvertently failed” to sign
the arrest warrant, the scant record in this case does not illuminate any such intentions of the
magistrate nor does it show that any effort was made to obtain the magistrate’s signature after
Duncan was arrested. The search and arrest warrant was the only piece of evidence introduced at
the hearing, and it does not include a signature by the magistrate. Furthermore, the State did not
argue or brief at the trial court, or in this court, any contention that the arrest or any evidence seized
during the search was obtained by the officers acting in good faith reliance on the warrant. The State
has therefore waived any such argument. See Tex. R. App. P. 33.1. We agree with Duncan’s
contention that the warrant was unlawful and hold that the trial court did not err by excluding the
evidence of Duncan’s arrest and any evidence seized during the search of the premises. See Tex.
Code Crim. Proc. art. 38.23(a) (Vernon Supp. 2004-2005).

Conclusion
            The combination search and arrest warrant at issue in this case was not signed by the
magistrate; therefore, the warrant was invalid and unlawful. The trial court did not err by granting
Duncan’s motion to suppress. The judgment of the trial court is affirmed.

                                                                                                     DIANE DEVASTO 
                                                                                                              Justice


Opinion delivered March 23, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.









(DO NOT PUBLISH)