In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00183-CR
______________________________


RONNIE COLE, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 03F0103-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            The search warrant and its underlying probable-cause affidavit, used to justify a search for,
and seizure of, cocaine in the possession of Ronnie Cole, Jr.,


 are both independently signed and
dated by Justice of the Peace Gibson "Hoot" Hadaway on a separate page attached to the main body
of the respective document. But in each case, the separate signature page is in the form of a
magistrate's verification of another's signature; obviously, language intended to be attached only to
the affidavit, not to the warrant itself. In the trial court, Cole unsuccessfully sought to suppress the 
use of cocaine as evidence, evidence which is obviously key in Cole's conviction. The sole issue on
Cole's appeal is whether the search warrant is valid in light of the signature requirements of Article
18.04(4) of the Texas Code of Criminal Procedure. We affirm the trial court's judgment because,
regardless of the questionable language preceding the magistrate's separate signature on the warrant,
the good-faith exception applies here to uphold the trial court's decision to admit the seized evidence.
            At a hearing on a motion to suppress, the trial court is the sole trier of fact and evaluates
witness testimony and credibility. Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). 
When reviewing a trial court's denial of a motion to suppress, we employ a bifurcated standard of
review. Id. We afford great deference to the trial court's determination of historical facts and
application of law to fact questions, which turn on an evaluation of credibility and demeanor of the
witnesses. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo the
trial court's rulings on mixed questions of fact and law when those questions do not center on an
evaluation of credibility and demeanor. Id. In the absence of explicit findings of fact, we review the
evidence in a light most favorable to the trial court's ruling. Estrada, 154 S.W.3d at 607. We will
uphold the trial court's ruling on a motion to suppress if it is reasonably supported by the record and
is correct on any theory of law applicable to the case. Id.
            The Texas Code of Criminal Procedure sets out specific requirements with which a valid
search warrant must comply. See Tex. Code Crim. Proc. Ann. art. 18.04 (Vernon 2005). The
requirement at issue here is that the search warrant be signed and dated by a magistrate. See Tex.
Code Crim. Proc. Ann. art. 18.04(4); Gish v. State, 606 S.W.2d 883, 885 (Tex. Crim. App. 1980).
            Cole's contention centers on the use of the same signature form attached to both the affidavit
and the search warrant. The clerk's record demonstrates that the two pages bearing the magistrate's
signature are identical, except for the actual signatures and the dates added by hand to those pages. 
That was confirmed by the testimony of Coy Murray, the police officer who swore to and signed the
probable-cause affidavit. The signature and date on the search warrant's signature page are not
merely photocopied from the signature page of the affidavit, though the rest of the page appears to
be simply a duplicate of the unsigned and undated signature page attached to the affidavit. So, while
the same form was used—and doing so added incongruous language to the search warrant—we
clearly have two magistrate signatures and dates.
            Because the signature page on the search warrant uses the same language as the one found
on the affidavit in support of the search warrant, Cole argues that Hadaway signed both documents
only in his capacity as an officer authorized to administer oaths and that, therefore, the search
warrant was not signed and dated by a magistrate as required by Article 18.04, meaning that no valid
warrant supported the search and seizure by which officers obtained the cocaine.
            In support of his position, Cole relies exclusively on Miller v. State, 703 S.W.2d 352 (Tex.
App.—Corpus Christi 1985, pet. ref'd). The affidavit in support of the search warrant against Miller
was on one side of a single piece of paper, on the reverse side of which was the search warrant which
bore no signature. See id. at 353. The appellate court concluded the magistrate signed the affidavit
in "his capacity as an officer . . . authorized to administer an oath, not for the purpose of signing a
search warrant." Id. That single signature on the affidavit was not deemed a compliance with the
warrant signature requirements of Article 18.04. See id.
            We find Miller distinguishable in that, in Miller, the search warrant was not signed at
all—the only signature appeared on the supporting affidavit on the opposite side of the page. Here,
the affidavit bears the magistrate's signature as an official authorized to administer an oath, and the
search warrant bears a separately written date and signature by the magistrate, albeit on the same
form as was used for the signature on the affidavit.
            Murray, who prepared the affidavit and search warrant, concedes that the same forms were
used in connection with both documents. Nevertheless, Article 18.04(4) requires only that the search
warrant be signed and dated by a magistrate. See Tex. Code Crim. Proc. Ann. 18.04(4); Gish, 606
S.W.2d at 885. The only signature in Miller appeared on the side of the paper bearing the affidavit. 
See Miller, 703 S.W.2d at 353. The Miller court determined that the single signature could not serve
a dual purpose. See id. Here, the record shows that, in apparent compliance with a literal application
of the language of Article 18.04, Hadaway did, in fact, sign and date the warrant. In Miller, such was
not the case.
            Notwithstanding this literal application of Article 18.04, there remains the problem of that
incongruous language which precedes Hadaway's signature attached to the warrant. As Cole
suggests, the language on that form literally indicates that Hadaway signed the warrant for the
purpose of administering an oath, a nonsensical result since there was no other signature to verify
on the warrant. But whether this verification language necessarily limits the magistrate's signature
and, thus, invalidates the warrant because of its resulting failure to comply with Article 18.04's
signature requirement is an issue we need not decide here.
            Evidence, which otherwise should be excluded as being obtained in violation of some legal
requirement,


 should be admitted if "the evidence was obtained by a law enforcement officer acting
in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable
cause." Tex. Code Crim. Proc. Ann. 38.23(b) (Vernon 2005); see Curry v. State, 808 S.W.2d 481,
482 (Tex. Crim. App. 1991).
            We hold that Article 38.23(b)'s good-faith exception applies to this instance of arguable
noncompliance with Article 18.04. In this holding, we are guided principally by Dunn v. State, 951
S.W.2d 478, 479 (Tex. Crim. App. 1997). See Miller, 703 S.W.2d at 354.
            In Dunn, the magistrate had been presented with twenty pages of related affidavits and
proposed warrants. Dunn, 951 S.W.2d at 479. The magistrate determined probable cause existed
for all the warrants, including Dunn's arrest warrant, and signed nineteen of the twenty pages,
inadvertently failing to sign Dunn's arrest warrant. Id. Police arrested Dunn, performed a search
incident to his arrest, and obtained a confession from Dunn. Id. The magistrate's omission was
noticed and remedied hours after Dunn was taken into custody. Id.
            Just as probable cause is not an issue in this case, probable cause was not at issue in Dunn.


 
Instead, Dunn, arguing that the statement he made to police following his arrest was inadmissible
under Article 38.23(a), challenged whether the arrest warrant ever issued when there was no
compliance with Article 15.02(3)'s requirement that a magistrate sign an arrest warrant. See Tex.
Code Crim. Proc. Ann. art. 15.02(3) (Vernon 2005). That is, Dunn argued, the magistrate's failure
to sign the arrest warrant page meant that no arrest warrant ever issued and that the subsequent
statement was illegally obtained. See Dunn, 951 S.W.2d at 478–79.
            Despite the fact that Dunn's arrest warrant did not comply with Article 15.02's
requirements—since there was no signature on it—the Texas Court of Criminal Appeals ruled that
Article 38.23's good-faith exception allowed the technically defective warrant to support admission
of Dunn's custodial statement. See id. at 479. There the record supported the conclusion that the
officer acted in good faith reliance on the Dunn warrant, which had been issued was based on
probable cause. Id. The Dunn court wrote that such a situation was tailor-made for the good-faith
exception:
This appears to be exactly the type of situation intended to be covered by article
38.23(b). Evidence obtained by a police officer acting in good faith reliance upon a
warrant based upon a magistrate's determination of probable cause should not be
rendered inadmissible due to a defect found in the warrant subsequent to its
execution.

Id.
            Dunn, we think, controls the disposition of this case and directs us to uphold the trial court's
ruling on Cole's motion to suppress.


 Given that Officer Murray witnessed Judge Hadaway sign both
documents and that the search warrant, on its face, appears to meet the statutory requirements, the
record reasonably supports the conclusion that the officers executing the search warrant acted in
objective good faith reliance on the warrant issued by Hadaway based on probable cause. See Tex.
Code Crim. Proc. Ann. art. 38.23(b).
            We are to uphold the trial court's decision if reasonably supported by the record and if correct
on any theory of law applicable to the case. See Estrada, 154 S.W.3d at 607. On that basis, we
uphold the denial of Cole's motion to suppress based on the application of the statutory good-faith
exception provided by Article 38.23 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 38.23(b).
            Accordingly, we affirm the trial court's judgment.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 30, 2006
Date Decided:             July 21, 2006

Publish