**The STATE of Texas, Appellant**

v.

**Carlos MOLDEN, Appellee**

**NO. 03–14–00166–CR**

Court of Appeals of Texas, Austin.

Filed: February 17, 2016

---

M. Scott Taliaferro, Angie Creasy, Assistant District Attorney, Rosemary Lehmberg, District Attorney, Austin, TX, for State.

Christopher M. Perri, Austin, TX, for Appellee.

Before Chief Justice Rose, Justices Goodwin and Bourland

## OPINION

Melissa Goodwin, Justice

The State appeals from the trial court's order granting appellee Carlos Molden's motion to suppress. In four points of error, the State argues that the trial court abused its discretion by suppressing the blood test evidence that was obtained in accordance with section 724.012(b) of the Texas Transportation Code, commonly known as the mandatory blood draw stat-

ute. *See* Tex. Transp. Code § 724.012(b). We will affirm the trial court.

## BACKGROUND

Prior to trial, Molden filed a motion to suppress entitled *Motion to Suppress Blood Alcohol Test Results Obtained Without Consent or a Valid Search Warrant.* Both sides filed trial briefs, addressing whether the seizure of Molden's blood pursuant to the mandatory blood draw statute was unconstitutional in light of *Missouri v. McNeely*, —— U.S. ——, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013).[1] The arresting officer was the State's sole witness at the suppression hearing. In his testimony, the officer admitted that the sole authority for drawing Molden's blood was section 724.012(b)(3)(B) of the Transportation Code.[2] At the conclusion of the hearing, the trial court stated that "absent consent or exigent circumstances, the State's got to have a warrant before obtaining a sample of a person's blood" and granted the motion to suppress. In its findings of fact and conclusions of law, the court conclud-

---

1. In *McNeely,* the Supreme Court concluded that the natural dissipation of alcohol in the bloodstream as the body functions to eliminate it from the system does not always present a per se exigency that justifies an exception to the warrant requirement for nonconsensual blood testing in DWI cases. *Missouri v. McNeely,* —— U.S. ——, 133 S.Ct. 1552, 1556, 185 L.Ed.2d 696 (2013). The high court disavowed a per se rule of exigency for blood draws in DWI cases, and reaffirmed that a warrantless search of a person for the purpose of gathering evidence in a criminal investigation can be justified "only if it falls within a recognized exception" to the warrant requirement, and that this principle applies to compulsory blood collection during a DWI investigation. *Id.* at 1558; *see State v. Villarreal,* 475 S.W.3d 784, 797–98 (Tex.Crim.App.2014).

2. The parties do not dispute the underlying historical facts in this case. The arresting

officer was dispatched to a "reckless driver" call. He located the suspect vehicle and observed erratic driving, including the failure to maintain a single marked lane. The officer initiated a traffic stop and on making contact with Molden, who was driving, observed several signs of intoxication. The officer administered standardized field sobriety tests, after which he arrested Molden for driving while intoxicated. After receiving the statutory DWI-related admonishments, Molden agreed to provide a breath sample. However, he failed to successfully give a sample because he refused to seal his lips on the intoxilyzer device, which resulted in an invalid test. The officer deemed this to be a refusal and then asked Molden for a blood specimen, which Molden refused. The officer then discovered that Molden's criminal history reflected two prior convictions for DWI and obtained a mandatory blood draw from Molden in accordance with section 724.012(b)(3)(B) of the Texas Transportation Code.

ed, in relevant part, that Molden did not consent to providing a specimen of his blood, that there were no exigent circumstances, and that no search warrant was obtained for the taking of Molden's blood.

## DISCUSSION

### Standard of Review

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion, *Arguellez v. State,* 409 S.W.3d 657, 662 (Tex.Crim.App.2013); *State v. Dixon,* 206 S.W.3d 587, 590 (Tex. Crim.App.2006), and overturn the ruling only if it is outside the zone of reasonable disagreement, *State v. Story,* 445 S.W.3d 729, 732 (Tex.Crim.App.2014); *Dixon,* 206 S.W.3d at 590. We apply a bifurcated standard of review, giving almost total deference to a trial court's findings of historical fact and credibility determinations that are supported by the record, but review questions of law de novo. *Delafuente v. State,* 414 S.W.3d 173, 177 (Tex.Crim.App. 2013); *Crain v. State,* 315 S.W.3d 43, 48 (Tex.Crim.App.2010). We view the evidence in the light most favorable to the trial court's ruling, *State v. Robinson,* 334 S.W.3d 776, 778 (Tex.Crim.App.2011), and uphold the ruling if it is correct on any theory of law applicable to the case, *Absalon v. State,* 460 S.W.3d 158, 162 (Tex.Crim. App.2015); *Young v. State,* 283 S.W.3d 854, 873 (Tex.Crim.App.2009), even if the trial judge made the ruling for a wrong reason, *Story,* 445 S.W.3d at 732.

### General Balancing Test

In its first point of error, the State maintains that the trial court erred in suppressing the blood draw evidence because Molden has not shown that the mandatory blood draw statute is unconstitutional. The State urges this Court to find that the statute is constitutional under a traditional Fourth Amendment "reasonableness" analysis.

However, while Molden maintained that the mandatory blood draw statute was unconstitutional to the extent that it creates (or purports to create) an exception to the warrant requirement, he did not seek to have the statute declared unconstitutional. Rather, Molden asserted that obtaining his blood pursuant to section 724.012(b)(3)(B) of the Transportation Code under the circumstances of this case—without a warrant, without express consent, and in the absence of exigent circumstances—violated his Fourth Amendment rights, and sought suppression of the blood draw evidence on that basis. Moreover, the trial court did not hold the statute unconstitutional or otherwise address its constitutionality. Consequently, the State's first point of error, arguing that Molden has failed to prove the statute unconstitutional, does not challenge the trial court's order in this case and we do not address the merits of that argument.

We overrule the State's first point of error.

### Implied Consent

In its second point of error, the State argues that the warrantless blood draw in this case should be upheld as reasonable under the consent exception to the warrant requirement because Texas's implied consent law established Molden's consent to the blood draw.

A blood draw conducted at the direction of a law enforcement officer is a search subject to the reasonableness requirement of the Fourth Amendment. *Schmerber v. California,* 384 U.S. 757, 767, 86, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *State v. Villarreal,* 475 S.W.3d 784, 796–97 (Tex.Crim.App.2014). A warrantless search of a person is unreasonable unless it falls within a recognized exception to the

warrant requirement. *Villarreal,* 475 S.W.3d at 796 (citing *McNeely,* 133. S.Ct. at 1558); *see also Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (warrantless search or seizure is per se unreasonable unless it falls under recognized exception to warrant requirement). Voluntary consent to search is an established exception to the warrant requirement. *McNeely,* 133 S.Ct. at 1558; *Villarreal,* 475 S.W.3d at 796.

Under the implied consent statute a person arrested for driving while intoxicated "is deemed to have consented" to. the taking of a blood sample, *see* Tex. Transp. Code § 724.011(a); and consent "deemed" to have been given under section 724.011(a) may not be withdrawn or revoked under the mandatory blood draw statute if, among other things, the arrestee has two prior convictions for driving while intoxicated, *see id.* § 724.012(b)(3)(B).[3] Relying on this statutory scheme, the State essentially argues that by getting arrested for driving while intoxicated, Molden impliedly consented to the blood draw and could not withdraw that consent because of his two previous convictions for

DWI. The Texas Court of Criminal Appeals has rejected this implied-irrevocable-consent argument.

 While this case has been pending on appeal, the Court of Criminal Appeals considered the question of whether a warrantless search of a DWI suspect's blood conducted pursuant to section 724.012(b) of the Transportation Code complied with the Fourth Amendment. *See Villarreal,* 475 S.W.3d at 793–813. In doing so, the Court rejected the argument that a warrantless, nonconsensual blood test obtained under the Transportation Code provisions should be upheld as categorically reasonable under the consent exception, applicable in the form of a prior waiver through implied consent. *Id.* at 798–804. The Court concluded that "[the] explicit refusal to submit to blood testing overrides the existence of any implied consent". and further that "implied consent that has been withdrawn or revoked by a suspect cannot serve as a substitute for the free and voluntary consent that the Fourth Amendment requires." *Id.* at 800. "[I]n the context of a nonconsensual, war-

---

**3.** Section 724.011(a) of the Texas Transportation Code, which is often referred to as the implied consent statute, provides that a person arrested for driving while intoxicated is deemed to have consented to the taking of a breath or blood specimen for purposes of analysis to determine the alcohol concentration. Tex. Transp. Code § 724.011(a). The person retains the right, subject to automatic suspension of his driver's license, to refuse to give a specimen. *Id.* §§ 724.013 (providing that "a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer"), 724.032(a) (setting forth officer's duties for license suspension). However, "this right of refusal is not absolute." *Villarreal,* 475 S.W.3d at 794. Section 724.012(b) of the Transportation Code, which is often referred to as the mandatory blood draw statute, establishes that when certain aggravating factors are present during a DWI stop an officer is required to

obtain a specimen even if the suspect refuses. Tex. Transp. Code § 724.012(b); *Villarreal,* 475 S.W.3d at 795. Specifically, section 724.012(b)(3)(B) provides that a peace officer "shall require the taking of a specimen of the person's breath or blood" if the arrest is for an offense "involving the operation of a motor vehicle ... and the person refuses the officer's request to submit to the taking of a specimen voluntarily" and if, "at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person ... on two or more occasions, has been previously convicted of ... an offense under Section 49.04, 49.05, 49.06, or 49.065, Penal Code." Tex. Transp. Code § 724.012(b)(3)(B); *Villarreal,* 475 S.W.3d at 794. Thus, in relevant part, the Transportation Code provides for a mandatory blood draw if the defendant has two prior DWI convictions.

rantless bodily search of a person suspected of criminal activity, a statute providing for irrevocable implied consent cannot supply the type of voluntary consent necessary to establish an exception to the Fourth Amendment warrant requirement." *Id.* at 805.

In this case, it is undisputed that Molden refused to provide a blood specimen after failing to provide a valid breath sample at the time he was arrested for DWI. Such refusal revoked any prior implied consent. Thus, Molden did not provide consent to the blood draw consistent with the requirements of the Fourth Amendment. *See id.* at 800; *see also Perez v. State,* 464 S.W.3d 34, 47 (Tex.App.–Houston [1st Dist.] 2015, pet. ref'd) (appellant who refused to provide breath or blood specimen after arrest for DWI had revoked or withdrawn any implied consent to blood draw at time of search; thus, appellant did not provide consent consistent with requirements of Fourth Amendment); *State v. Arredondo,* No. 13–13–00589–CR, 2015 WL 5895072, at *2–3 (Tex.App.–Corpus Christi Oct. 8, 2015, pet. filed) (mem. op., not designated for publication) ("[T]he Fourth Amendment requires 'actual' consent; statutorily 'implied' consent does not obviate the need for a warrant and does not trump a suspect's actual refusal to consent to a blood draw."); *Forsyth v. State,* 438 S.W.3d 216, 223 (Tex.App.–Eastland 2014, pet. ref'd) (declining "to hold that implied consent under the Transportation Code is the equivalent to voluntary consent as a recognized exception to the warrant requirement").

Because Molden did not provide consent, and because the Court of Criminal Appeals told us in *Villarreal* that the two-DWI exception under Texas's implied consent law cannot provide the consent necessary to satisfy the Fourth Amendment, we overrule the State's second point of error.

## Exclusionary Rule

■ Finally, in its third and fourth points of error, the State contends that even if the blood draw violated Molden's Fourth Amendment rights, the trial court nevertheless erred in suppressing the evidence because the federal and state exclusionary rules are inapplicable.

■ The federal exclusionary rule is a judicially created remedy that has several good faith exceptions. *See Davis v. United States,* 564 U.S. 229, 237–40, 131 S.Ct. 2419, 2427–28, 180 L.Ed.2d 285 (2011). For example, under the federal exclusionary rule, when a law enforcement officer relies in good faith upon a statute authorizing a warrantless search, and the statute is later found to be unconstitutional, the exclusionary rule does not bar the government from using the evidence it obtained. *See Illinois v. Krull,* 480 U.S. 340, 360, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987). In addition, when police conduct a search in good faith reliance upon binding appellate precedent that is later overturned, evidence obtained during such a search is not subject to the federal exclusionary rule. *See Davis,* 564 U.S. at 248–50, 131 S.Ct. at 2429, 2434. Also, when police conduct a search in good faith reliance upon a warrant that is later determined to be invalid, the exclusionary rule does not apply. *See id.* at 2428 (citing *United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

Unlike the federal, judge-made exclusionary rule, the Texas exclusionary rule, found in article 38.23 of the Texas Code of Criminal Procedure, is a statutory rule. The statute provides that evidence may not be used or admitted against a defendant in a criminal trial if the evidence is obtained "by an officer or other person in violation of any of the provisions of the Constitution or the laws of the State of

Texas, or of the Constitution or laws of the United States of America." Tex.Code Crim. Proc. art. 38.23(a). The Texas statutory exclusionary rule specifies only one good faith exception for "a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." *Id.* art. 38.23(b).

■ The State argues that the federal exclusionary rule does not bar admission of the blood analysis results in this case because the arresting officer relied in good faith on the mandatory blood draw statute and, in addition, on existing judicial precedent when he seized Molden's blood sample. However, the arresting officer's good faith reliance on his belief that the Transportation Code permitted (or required) him to collect Molden's blood sample without a warrant or a recognized exception to the warrant requirement is irrelevant here. *See State v. Tercero,* 467 S.W.3d 1, 10 (Tex.App.–Houston [1st Dist.] 2015, pet. ref'd). The Texas exclusionary rule is broader in scope and provides more protection to a suspect than its federal counterpart. *Wilson v. State,* 311 S.W.3d 452, 458 (Tex.Crim.App.2010); *Miles v. State,* 241 S.W.3d 28, 34 (Tex.Crim.App.2007); *Tercero,* 467 S.W.3d at 10. Even if evidence is admissible as an exception to the federal rule, it may, nonetheless, still be subject to exclusion by article 38.23. *Greer v. State,* No. 01–14–00033–CR, 2015 WL 6366737, at *2 (Tex.App.–Houston [1st Dist.] Oct. 22, 2015, pet. filed) (mem. op., not designated for publication); *see Wilson,* 311 S.W.3d at 458 (noting that article 38.23 "prohibits the use of a much broader category of 'illegally obtained' evidence" than federal rule and "includes evidence that is obtained in violation of Texas laws as well as that obtained in violation of the federal and state constitution").

The State contends the blood draw evidence is not excludable under the Texas exclusionary rule because it was not obtained "in violation" of the law as the law existed at the time of the blood draw. The State asserts that the statutory exclusionary rule should not apply to this situation—where the officer acted on a good faith belief that the law justified his actions. Essentially the State urges that good faith reliance on a statute and good faith reliance on judicial precedent should be exceptions to the Texas exclusionary rule. The Court of Criminal Appeals, however, has recognized that exceptions to the federal exclusionary rule are only applicable to the Texas exclusionary rule if they are consistent with the plain language of article 38.23. *Douds v. State,* 434 S.W.3d 842, 861 (Tex.App.–Houston [14th Dist.] 2014), *rev'd on other grounds,* 472 S.W.3d 670, 677 (Tex.Crim.App.2015) (comparing *Wehrenberg v. State,* 416 S.W.3d 458, 473 (Tex.Crim.App.2013) to *State v. Daugherty,* 931 S.W.2d 268, 270 (Tex.Crim.App.1996)); *see Greer,* 2015 WL 6366737, at *3; *Tercero,* 467 S.W.3d at 10–11; *State v. Esher,* No. 05–14–00694–CR, 2015 WL 4527715, at *2–4 (Tex.App.–Dallas July 27, 2015, no pet.) (mem. op., not designated for publication). The Court has rejected efforts to broaden the good faith exception using federal precedent and has refused to adopt federal exceptions inconsistent with the text of the Texas statutory exclusionary rule. *Douds,* 434 S.W.3d at 861 (citing *Howard v. State,* 617 S.W.2d 191, 193 (Tex.Crim.App.1979) (op. on reh'g)); *Tercero,* 467 S.W.3d at 10; *State v. Anderson,* 445 S.W.3d 895, 912 (Tex.App.–Beaumont 2014, no pet.). An exception to article 38.23 based on an officer's good faith reliance upon anything other than a warrant is inconsistent with the plain language of the Texas exclusionary rule. *Howard v. State,* No. 01–14–00112–CR, 2015 WL 4497431, at *3 (Tex.

App.–Houston [1st Dist.] July 23, 2015, pet. ref'd) (mem. op., not designated for publication); *see, e.g., Wehrenberg,* 416 S.W.3d at 470 (concluding that independent source doctrine, like attenuation doctrine, does not constitute impermissible non-statutory exception to Texas exclusionary rule because it is consistent with plain terms of statute); *Tercero,* 467 S.W.3d at 10 (declining to recognize "reasonable mistake of law" federal good faith exception to Texas exclusionary rule because federal exception was "inconsistent with the text of article 38.23").

Given the limited nature of the Texas good faith statutory exception, we conclude that an officer's good faith reliance on the law or good faith reliance on existing appellate precedent are not recognized as exceptions to the Texas exclusionary rule. *See Garcia v. State,* 829 S.W.2d 796, 800 (Tex.Crim.App.1992) ("[W]e must enforce the statute as written, excluding all illegally obtained evidence, with the single exception as set out in the statute."). In this case, Molden's blood was obtained as a result of a warrantless, nonconsensual blood draw in violation of the Fourth Amendment. The Texas good faith statutory exception provides an exception to the exclusion of unlawfully obtained evidence only if the law enforcement officer was acting in good faith reliance upon a warrant. It is undisputed that no such warrant existed in this case; thus, article 38.23's explicit good faith exception is inapplicable to this case. Accordingly, we conclude that the trial court did not err in applying the exclusionary rule in this case.[4]

We overrule the State's third and fourth points of error.

### CONCLUSION

We conclude that the trial court did not abuse its discretion in suppressing the blood draw evidence in this case and we affirm the trial court's order of suppression.

---

4. We are aware that the issue of the applicability of the exclusionary rule to evidence obtained from a warrantless, nonconsensual blood draw conducted pursuant to the mandatory blood draw statute is currently pending before the Texas Court of Criminal Appeals. The Court has granted petition for discretionary review in *Cole v. State,* 454 S.W.3d 89 (Tex.App.–Texarkana 2014, pet. granted) on, among others, the following ground:

> If a warrantless blood draw conducted pursuant to TEX. TRANSP. CODE § 724.012(b) violates the Fourth Amendment, must that evidence be suppressed when, at the time of the search, the statute was presumptively valid and that it dispensed with the warrant requirement?

*See* Official Site of the Texas Court of Criminal Appeals, http://www.txcourts.gov/media/1114669/issues01132016.pdf. Until the high court decides otherwise, we join our sister courts of appeals in declining to recognize the non-statutory federal good faith exceptions of reliance on a statute or reliance on binding appellate precedent as exceptions to the Texas exclusionary rule. *See Greer v. State,* No. 01–14–00033–CR, 2015 WL 6366737, at *3 (Tex. App.–Houston [1st Dist.] Oct. 22, 2015, pet. filed) (mem. op., not designated for publication); *Burks v. State,* 454 S.W.3d 705, 709 (Tex.App.–Fort Worth 2015, pet. ref'd); *State v. Esher,* No. 05–14–00694–CR, 2015 WL 4527715, at *4 (Tex.App.–Dallas July 27, 2015, no pet.) (mem. op., not designated for publication); *State v. Jackson,* 435 S.W.3d 819, 831 (Tex.App.–Eastland 2014), *rev'd on other grounds,* 464 S.W.3d 724, 734 (Tex. Crim.App.2015); *Douds v. State,* 434 S.W.3d 842, 862 (Tex.App.–Houston [14th Dist.] 2014), *rev'd on other grounds,* 472 S.W.3d 670, 677 (Tex.Crim.App.2015); *Weems v. State,* 434 S.W.3d 655, 666 (Tex.App.–San Antonio 2014, pet. granted).