

## NUMBER 13-17-00268-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                                    Appellant,

v.

CESAR RAMIRO ARELLANO,                                                                 Appellee.

### On appeal from the County Court at Law No. 2
### of Victoria County, Texas.

## OPINION

### Before Justices Benavides, Longoria, and Hinojosa
### Opinion by Justice Longoria

Appellant the State of Texas charged appellee Cesar Ramiro Arellano with a driving while intoxicated Class A Misdemeanor because he had previously been convicted of the same offense. *See* TEX. PENAL CODE ANN. § 49.09(a) (West, Westlaw through 2017 1st C.S.). Arellano filed a motion to suppress. After the trial court conducted a hearing on the matter, it granted Arellano's motion. By four issues, which

we have reorganized, the State contends the trial court erred in: (1) concluding the warrant was "facially invalid"; (2) concluding the State was barred from invoking the good faith exception; (3) refusing to consider documentary evidence presented by the State; and (4) failing to provide adequate findings of fact and conclusions of law.[1] We affirm.

## I. BACKGROUND

Arellano was arrested for the offense of driving while intoxicated. *See id*. § 49.04 (West, Westlaw through 2017 1st C.S.). Officer Phillip Garcia of the Victoria Police Department obtained a specimen of Arellano's blood after applying for a search warrant. Arellano filed a motion to suppress, alleging that the warrant was facially invalid because it failed to meet the statutory requirements of Article 18.04 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 18.04 (West, Westlaw through 2017 1st C.S.). At the motion to suppress hearing, Arellano offered an eleven-page document entitled "Affidavit for Search Warrant" into evidence without objection. The State responded to Arellano's argument by invoking the good faith exception contained within Article 38.23(b) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West, Westlaw through 2017 1st C.S.).

The trial court expressed concern about whose signature was on the warrant. The State indicated a willingness to resolve that issue and offered to call in a witness. Instead, the trial court instructed both parties to submit a brief summarizing their arguments. The State submitted several documentary exhibits attached to their brief including a separate affidavit from Officer Garcia where he attested to the identity of the magistrate and the

---

[1] After filing Arellano's brief, on January 28, 2019, Arellano's counsel filed her motion to withdraw, stating that she was sworn in as the Criminal District Attorney of Victoria County, Texas, and is thereby disqualified from representing Arellano in this matter. After considering her motion, we hereby GRANT counsel's motion to withdraw.

offense report.[2]   Thereafter, the trial court granted Arellano's motion to suppress.   In response to the State's request, the trial court made the following findings of fact and conclusions of law to support its ruling:

## I.    Findings of Fact

. . . .

g.    The Trial Court reviewed [Arellano's] Exhibit 1 and found that the signature above the line indicating 'Magistrate, Victoria County' was not in legible handwriting, nor was it accompanied by any name identifying the magistrate in either clearly legible handwriting or in typewritten form.

h.    During the hearing, neither the Trial Court nor the State could identify the magistrate by the signature on the warrant in this matter.  The State offered no evidence on this issue.

i.    During the hearing, the State called no witnesses.  More specifically, the State did not elicit any testimony from Officer Garcia during the hearing . . .

## II.    Conclusions of Law

. . . .

d.    The Court finds that the signature on the search warrant seeking Defendant's blood is not legible and is not accompanied by the magistrate's name in either clearly legible handwriting or in typewritten form.

e.    The warrant in this case obtained by Officer Garcia is not facially valid because it fails to comply with the requisites of Tex. Code of Crim. Proc. 18.04.

f.    In order to rely on the "good faith exception" to the exclusionary rule codified in Tex. Code of Crim. Proc. 38.23(b), an officer must rely on a facially valid warrant.  *see* [sic] *Miller v. State*, 703 S.W.3d 352 (Tex. App.—Corpus Christi, 1985); *McClintock v. State*, 2017 WL 1076289 (Tex. Crim. App., March 22, 2017).

. . .

---

[2] This affidavit is separate from the probable cause affidavit attached to the search warrant.

3

h.    Officer Garcia did not testify during the hearing, and thus presented no evidence to show whether he relied in "good faith" upon the warrant in this case.

i.    Although Officer Garcia did not testify at the hearing, the State attached Officer Garcia's affidavit to their brief to the Court.

j.    Even if the Trial Court wished to consider the affidavit, as within its discretion, the statements in the affidavits provide a recitation of the statutory requirements for the "good faith exception" with respect to a warrant.

This appeal followed.

## II.    MOTION TO SUPPRESS

### A.    Standard of Review

A trial court's ruling on a motion to suppress, like any ruling on the admission of evidence, is subject to review for abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). "We view the record in the light most favorable to the trial court's conclusion and reverse the judgment only if it is outside the zone of reasonable disagreement." *Id*. Its ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). We give almost total deference to a trial court's express or implied determination of historical facts and review de novo the court's application of the law of search and seizure to those facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)

### B.    Warrant Requirements

By its first issue, the State argues that the trial court erroneously concluded that the warrant was facially invalid in violation of Article 18.04(5) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 18.04.

#### 1.    Applicable Law

4

In September 2015, the Legislature amended Article 18.04 of the Texas Code of Criminal Procedure by adding a fifth element to the list of requisites for a valid search warrant. This additional requirement requires the warrant to contain the name of the issuing magistrate in clearly legible handwriting or in typewritten form along with the magistrate's signature. HOUSE COMM. ON CRIMINAL JURISPRUDENCE, Bill Analysis, Tex. H.B. 644, 84th Leg. R.S. (2015).[3]

A search warrant shall be sufficient under article 18.04 of the code of criminal procedure if it contains the following requisites:

1.      that it run in the name of "The State of Texas";

2.      that it identify, as near as may be, that which is to be seized and name or describe, as near as may be, the person, place, or thing to be searched;

3.      that it command any peace officer of the proper county to search forthwith the person, place, or thing named;

4.      that it be dated and signed by the magistrate; and

5.      *that the magistrate's name appear in clearly legible handwriting or in typewritten form with the magistrate's signature*

TEX. CODE CRIM. PROC. ANN. art. 18.04 (emphasis added). A search warrant must be "clearly sufficiently specific to meet the mandates of the Fourth Amendment, the Texas Constitution, and article 18.04 of the Code." *Ramirez v. State*, 345 S.W.3d 631, Tex. App.—San Antonio 2011, no pet.); *Miller v. State*, 703 S.W.2d 352, 353 (Tex. App.— Corpus Christi 1985, pet. ref'd) (holding that a search warrant lacking any of the required elements of article 18.04 is facially invalid). However, "[a] warrant that does not contain

---

[3] The amendment "would add to existing search warrant requirements that the name of the magistrate issuing the warrant appear in clearly legible handwriting or in typewritten form on the warrant" because "[a] magistrate's signature on such warrants may not always be clearly legible, which can increase the risk of forgery or inadequately informing individuals of who has authorized the search warrant." HOUSE COMM. ON CRIMINAL JURISPRUDENCE, Bill Analysis, Tex. H.B. 644, 84th Leg. R.S. (2015).

the basic information required by art. 18.04 can nevertheless be valid so long as the warrant incorporates by reference [an] affidavit *and* said affidavit does contain all of the information required by art. 18.04." *Turner v. State*, 886 S.W.2d 859, 864 (Tex. App.—Beaumont 1994, pet ref'd).

### 2. Discussion

Here, the search warrant was signed by a magistrate; however, the magistrate's name does not appear in clearly legible handwriting or in typewritten form with the magistrate's signature as required by article 18.04(5). *See* TEX. CODE CRIM. PROC. ANN. art. 18.04(5). Moreover, the attached affidavit incorporated in the warrant also lacks the magistrate's name in clearly legible handwriting or typewritten form. Because article 18.04(5) requires that the "magistrate's name appear in clearly legible handwriting or in typewritten form with the magistrate's signature," and the search warrant before us does not meet this requirement, we conclude the warrant does not comply with the requirements of 18.04 and is therefore facially invalid. *See Turner,* 886 S.W.2d at 864; *Miller*, 703 S.W.2d at 353. Accordingly, we overrule the State's first issue.

### C. Good Faith Exception

By its second issue, the State claims that the trial court erred by concluding the State was prevented from invoking the good faith exception of article 38.28 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23.

The Texas good faith statutory exception provides an exception to the exclusion of unlawfully obtained evidence only if the law enforcement officer was acting in good faith reliance upon a warrant. *State v. Molden*, 484 S.W.3d 602, 610 (Tex. App.—Austin 2016, pet ref'd). In executing a warrant, that officer "act[s] in objective good faith reliance upon" the warrant, "as long as the warrant is facially valid." *McClintock v. State*, 541

6

S.W.3d 63, 73 (Tex. Crim. App. 2017). In this case, Arellano's blood was obtained as a result of a facially invalid warrant in violation of article 18.04 of the code of criminal procedure. *See Molden*, 484 S.W.3d at 610. Because the "good faith exception" requires a facially valid warrant, and here, by contrast, no valid search warrant existed, the "good faith exception" is inapplicable to this case. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 38.23. Accordingly, we conclude that the trial court did not err in applying the exclusionary rule in this case. We overrule the State's second point of error.

**D.     State's Documentary Evidence**

By its third issue, the State contends that it was plain error for the trial court to fail to consider "any of the documentary evidence offered by the State" following the motion to suppress hearing. According to the State, "if [Arellano] is allowed to submit documentary evidence then the State must be allowed to do so as well."

Here, the trial court made it clear that it did not consider the State's documentary evidence when it concluded that the warrant was facially invalid. However, because the warrant was facially invalid, it was unnecessary for the trial court to consider any of the State's evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 18.04(5). Nonetheless, "a trial judge may use its discretion in deciding what type of information he considers appropriate and reliable in making his pre-trial ruling." *Ford v. State*, 305 S.W.3d 530, 539 (Tex. Crim. App. 2009). Accordingly, we cannot say that the trial court abused its discretion when it rejected the State's documentary evidence. *Id*. We therefore overrule the State's third issue.[4]

---

[4] Additionally, in its fourth issue, the State complains that the trial court's findings of fact and conclusions of law are "wholly inadequate on the potentially dispositive issue in this case" as the trial court failed to address: (1) whether it believed Officer Garcia's testimony through his affidavit; (2) the offense report; (3) whether it believed the magistrate was a neutral and detached magistrate, or (4) whether the warrant was issued on probable cause. Because we determined that the warrant was facially invalid, this issue is not dispositive. *See* TEX. R. APP. P. 47.4.

7

### III. CONCLUSION

Having overruled the State's issues, we affirm the trial court's judgment.


NORA L. LONGORIA
Justice


Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of February, 2019.