

# NUMBER 13-17-00420-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **TRACE BRITTON ADAMS,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 377th District Court
### of Victoria County, Texas.

# ORDER ABATING APPEAL

### Before Justices Benavides, Hinojosa, and Perkes

A jury convicted appellant Trace Britton Adams of two counts of manufacture or delivery of a controlled substance in penalty group 3, between 28 and 200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.114 (a), (c). The trial court assessed punishment at ten years' confinement in the Institutional Division of

the Texas Department of Criminal Justice for each count to run concurrently. *See* TEX. PENAL CODE ANN. § 12.33.

On appeal, Adams argues, in part, that the trial court erred in denying his motion to suppress evidence based on three search warrants. Adams argues the warrants failed to comply with the procedural requirements of article 18.04,[1] rendering the warrants "facially invalid," and therefore, a trial court could not rely on evidence of a "good faith exception." *See* TEX. CODE CRIM. PROC. ANN. art. 18.04; *see also State v. Arellano*, 571 S.W.3d 422, 426 (Tex. App.—Corpus Christi–Edinburg 2019, pet. granted) (holding that a warrant is facially invalid where it lacks a magistrate's name in clearly legible handwriting or in typewritten form with the signature, and as a consequence, the "good faith exception" is inapplicable).

We acknowledge that the Texas Court of Criminal Appeals recently granted a petition for review on June 5, 2019, regarding this issue in a case arising from our Court. *See Arellano*, 571 S.W.3d at 426.

On its own motion, the Court, having reexamined and reconsidered the documents on file, issues the following ruling. This appeal is ABATED until such time as the Texas Court of Criminal Appeals issues its opinion in the direct appeal on *Arellano*. *See id.*

---

[1] Here, all four search warrants and accompanying affidavits were signed by a judge; however, the judge's name does not also appear in clearly legible handwriting or in typewritten form on the first, second, and third search warrant, as required by article 18.04(5). See Tex. Code Crim. Proc. Ann. art. 18.04(5). The officers who were responsible for swearing to the warrants testified at the suppression hearing. The officers individually confirmed they personally observed the named judge examine the affidavit and its contents prior to signing the documents. The trial court denied Adams's motion to suppress the three warrants. In support of its ruling, the trial court made "a finding that the officers in this case complied or relied on this search warrant in good faith."

2

After that opinion issues, we direct appellant to promptly file a motion to reinstate the appeal, which shall reference and include a copy of the opinion issued by the court of criminal appeals.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of October, 2019.

3